[Crim. No. 23833. First Dist., Div. Two. May 6, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
DOYLE JACKSON, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

■■■■

---

\*Part I of this opinion is not certified for publication as it does not meet the standards for publication. (Cal. Rules of Court, rules 976 and 976.1.)

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Kathleen Kahn, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Clifford K. Thompson, Jr., and Laurence K. Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SMITH, J.**—Doyle Jackson appeals from that portion of the judgment sentencing him to state prison for a term of four years, eight months after he was convicted of two burglaries (Pen. Code, § 459).

Appellant maintains (1) that the trial court erred when it failed to state the reasons for its decision to impose consecutive sentences which error had the effect of using the same factors as a basis for imposing both the *high term* and *consecutive sentences*; and (2) that a one-year enhancement for a prior prison term (Pen. Code, § 667.5) was improperly imposed.

### FACTS

Appellant was found guilty of two burglaries after a trial by jury. The trial judge sentenced appellant to a high term of three years for the first burglary (No. 15001), plus an additional one-year enhancement due to a prior prison term. For the second burglary (No. 15002), appellant was sentenced to a term of eight months, to be served *consecutively* to the four-year term.

### DISCUSSION

### I. *Reasons for imposing consecutive terms*

"       .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .*

### II. *One-year enhancement—Penal Code section 667.5, subdivision (b)— ("Five year washout")*

Appellant asserts that he had been free of prison custody, imposed after a 1963 robbery conviction, for a five-year period commencing upon his *initial* release on parole, and that, therefore, the prior prison custody could not be used to enhance. Appellant relies upon Penal Code section 667.5.[1]

---

*See footnote, *ante,* page 627.

[1]Penal Code section 667.5 states in pertinent part: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows:

"       .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(b) Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; *provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which defendant remained free of both prison custody and the commission of an offense which results in a felony conviction.*

"       .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(d) For the purposes of this section *the defendant shall be deemed to remain in prison*

Subdivision (d) of section 667.5[2] reads, in pertinent part: "For the purposes of this section the defendant shall be deemed to remain in prison custody for an offense until the official discharge from such custody or until release on parole whichever first occurs <u>including any time during which the defendant remains subject to reimprisonment for escape from such custody or is reimprisoned on revocation of parole. . . .</u>" (Emphasis added.) Appellant would have us ignore as surplusage all the underscored portion of the subdivision.

It is the general rule that a statute must be construed, if possible, so as to avoid rendering any part of it inoperative or superfluous. (2A Sutherland, Statutory Construction (4th ed. 1973) § 46.06, p. 63.) In compliance with that general rule, we read subdivision (d) to include "reimprisonment upon revocation of parole" within the definition of "in prison custody." Thus, if conditions of parole are so seriously violated that the parole must be revoked, the defendant is considered to have been in prison custody for an offense for the whole period from initial confinement until a release on parole which is completed *without revocation,* or until discharged.

In the case at bar, appellant was convicted of robbery in May 1963, and was sentenced to state prison. Appellant was released on parole on August 14, 1965, was returned to prison on September 8, 1966, after his parole was revoked, was again released on parole on October 6, 1967, was again returned to prison on May 5, 1970, after his parole was revoked a second time. Appellant was paroled again on June 10, 1971, but shortly thereafter he committed a burglary for which he was convicted on August 4, 1971. Appellant was finally discharged for the 1963 burglary on December 1, 1975.

Accepting, for the sake of argument, that appellant became free of prison custody on June 10, 1971, when he was released on parole for the final time for his 1963 conviction, it was also necessary for appellant not to commit any felony offenses within the five-year period following release on parole. (See § 667.5, subd. (b).) A review of appellant's record shows that appellant was convicted of felony offenses on August 4, 1971, April 25, 1975, June 1, 1976,

---

*custody for an offense until the official discharge from such custody* or *until release on parole whichever first occurs including any time during which the defendant remains subject to reimprisonment for escape from such custody or is reimprisoned on revocation of parole.* The additional penalties provided for prior prison terms shall not be imposed unless they are charged and admitted or found true in the action for the new offense.

"  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"(g) A prior separate prison term for the purposes of this section shall mean *a continuous completed period of prison incarceration imposed for the particular offense* alone or in combination with concurrent or consecutive sentences for other crimes, *including any reimprisonment on revocation of parole* which is not accompanied by a new commitment to prison, and including any reimprisonment after escape from such incarceration." (Italics added.)

[2]All references are to the Penal Code unless otherwise indicated.

June 5, 1977, and May 25, 1978. It is self-evident that no five-year period elapsed in which appellant was free from both prison custody *and* the commission of offenses resulting in felony convictions as required by section 667.5, subdivision (b) in order to avoid enhancement.

We conclude that the trial court correctly imposed a one-year enhancement pursuant to section 667.5.

The judgment is affirmed.

Part I of this opinion is not certified for publication as it does not meet the standards for publication. (Cal. Rules of Court, rules 976 and 976.1.)

Kline, P. J., and Rouse, J., concurred.

A petition for a rehearing was denied June 3, 1983, and appellant's petition for a hearing by the Supreme Court was denied July 27, 1983.