[No. B156011. Second Dist., Div. Five. Apr. 24, 2002.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
MICHAEL EARL TURNER, Real Party in Interest.

## COUNSEL

Steve Cooley, District Attorney, Patrick D. Moran and Victor M. Minjares, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Michael P. Judge, Public Defender, Albert J. Menaster, Mick Bodek and Alex Ricciardulli, Deputy Public Defenders, for Real Party in Interest.

## OPINION

**GRIGNON, Acting P. J.**—In the November 2000 General Election, the voters of California adopted Proposition 36, an initiative measure entitled "Drugs, Probation and Treatment Program." Proposition 36, codified in Penal Code section 1210 et seq.,[1] provides that an individual convicted of a "nonviolent drug possession offense" (§ 1210.1, subd. (a)) shall be sentenced to probation and ordered to complete a court-supervised drug treatment program in lieu of incarceration. (*Ibid.*) The probation and drug treatment program is generally inapplicable to individuals who have suffered prior serious or violent felony convictions, "unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of . . . prison custody . . . ." (§ 1210.1, subd. (b)(1).) We conclude the five-year period referred to in the statute is the five-year period immediately preceding the current nonviolent drug possession offense, not any five-year period following the prior serious or violent felony conviction. In this case, defendant had been in prison within the five-year period immediately preceding the current offense. Nevertheless, the trial court found defendant eligible for probation and drug treatment pursuant to section 1210.1. The prosecution petitioned for a writ of mandate. We grant the petition.

### FACTS AND PROCEDURAL BACKGROUND

Defendant and real party in interest Michael Earl Turner was charged by information with possession of cocaine in violation of Health and Safety Code section 11350, subdivision (a). It was further alleged that defendant had suffered three prior serious or violent felony convictions within the meaning of section 1170.12: a 1977 robbery and two 1982 robberies. It was further alleged defendant had suffered a December 18, 1997 conviction for possession of cocaine, had been sentenced to state prison, and had not been free of prison custody for a period of five years. Defendant had been sentenced to four years in state prison in 1997, had been paroled in 2000, had violated parole and been returned to state prison in 2001, and had been again paroled in May 2001. Defendant committed the current drug offense on July 23, 2001. Defendant had not been in state prison for a five-year period between 1989 and 1994.

In the trial court, defendant sought probation and drug treatment pursuant to section 1210.1. Defendant argued he was eligible for probation and drug treatment in spite of his three prior robbery convictions, because he had remained free of prison custody for five years between 1989 and 1994.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

Petitioner the People of the State of California (the prosecution) opposed probation and drug treatment on the ground defendant had not been free of prison custody for the five-year period immediately preceding the commission of the current drug possession offense. Respondent trial court determined defendant was eligible for probation and drug treatment. Defendant pleaded guilty to possession of cocaine. The trial court sentenced defendant to probation and drug treatment. The prosecution filed a timely petition for writ of mandate.[2] We issued an order to show cause and set the matter for oral argument.

## DISCUSSION

### Statutory Scheme

"Proposition 36, which was approved by the voters at the November 7, 2000 General Election, effected a change in the sentencing law so that a defendant convicted of a nonviolent drug possession offense is generally sentenced to probation, instead of state prison or county jail, with the condition of completion of a drug treatment program. The declared purpose of Proposition 36 is to 'divert from incarceration into community-based substance abuse treatment programs nonviolent defendants, probationers and parolees charged with simple drug possession or drug use offenses.' " (*In re DeLong* (2001) 93 Cal.App.4th 562, 566 [113 Cal.Rptr.2d 385], citing Prop. 36, § 3.) A defendant convicted of a nonviolent drug offense will, in general, be sentenced to probation with a condition of completion of a drug treatment program. (§ 1210.1, subd. (a).) Although a court may not impose incarceration as a condition of probation, it may require, as additional conditions of probation, "participation in vocational training, family counseling, literacy training and/or community service." (§ 1210.1, subd. (a).) Proposition 36 emphasizes treatment, not punishment. It applies only to those convicted of simple drug possession. It does not apply to a defendant who, "in addition to one or more nonviolent drug possession offenses, has been convicted in the same proceeding of a misdemeanor not related to the use of drugs or any felony." (§ 1210.1, subd. (b)(2).) Likewise, it does not apply to a defendant who possesses or is under the influence of certain drugs and uses a firearm (§ 1210.1, subd. (b)(3)(A), (B)); a defendant who has twice been convicted of simple drug possession and proven himself or herself unamenable to treatment (§ 1210.1, subd. (b)(5)); a defendant who refuses drug treatment as a condition of probation (§ 1210.1, subd. (b)(4)); or a defendant who previously has been convicted of one or more serious or violent felonies and has not remained free of prison custody for a period of five years (§ 1210.1, subd. (b)(1)).

---

[2] The order granting probation is not appealable, but may be challenged by timely petition for writ of mandate. (§ 1238, subd. (d).)

*Statutory Language*

The statutory language at issue is as follows. "Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program. The court may also impose, as a condition of probation, participation in vocational training, family counseling, literacy training and/or community service. A court may not impose incarceration as an additional condition of probation. Aside from the limitations imposed in this subdivision, the trial court is not otherwise limited in the type of probation conditions it may impose. Probation shall be imposed by suspending the imposition of sentence. [¶] In addition to any fine assessed under other provisions of law, the trial judge may require any person convicted of a nonviolent drug possession offense who is reasonably able to do so to contribute to the cost of his or her own placement in a drug treatment program." (§ 1210.1, subd. (a).)

"Subdivision (a) does not apply to . . . : [¶] (1) Any defendant who previously has been convicted of one or more serious or violent felonies in violation of subdivision (c) of Section 667.5 or Section 1192.7, unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of both prison custody and the commission of an offense that results in (A) a felony conviction other than a nonviolent drug possession offense, or (B) a misdemeanor conviction involving physical injury or the threat of physical injury to another person." (§ 1210.1, subd. (b)(1).)

*Statutory Interpretation*

"Words used in a statute . . . should be given the meaning they bear in ordinary use. [Citations.] If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the . . . voters . . . . [Citations.] [¶] But the 'plain meaning' rule does not prohibit a court from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute. The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.] Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.] An interpretation that

renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in the light of the statutory scheme [citation]; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed [citation]." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) ██ An exception to the main premise of a statute is to be strictly construed. (*Id.* at pp. 735-736.) An exception qualifies the main premise and may not be ascribed an unreasonably expansive meaning. (*Id.* at p. 736.)

*"After a Period of Five Years"*

██ The prosecution contends the language of the statute, "after a period of five years," should be construed to mean the five-year period immediately preceding the commission of the current nonviolent drug possession offense. Defendant contends the language of the statute unambiguously refers to any five-year period between the prior serious or violent felony conviction and the commission of the current nonviolent drug possession offense. We conclude that the word "after," standing alone, is susceptible to the construction offered by both the prosecution and defendant, but, when the statute is read as a whole, it supports the prosecution's view that the period referenced is the period immediately preceding the commission of the current nonviolent drug possession offense.

Section 1210.1, subdivision (b) excludes a defendant from mandatory probation and drug treatment if the defendant previously has been convicted of one or more serious or violent felonies. It provides an exception to this exclusion: probation and drug treatment must be afforded to an excluded defendant if the drug offense occurred after a period of five years in which the defendant remained free of prison custody. This language unquestionably refers to the five-year period immediately preceding the commission of the drug offense. There is no reference in the exception language to the prior conviction. Thus, the statute cannot reasonably be interpreted to refer to a five-year period dependent on the date of the prior conviction. Nor does it follow that a defendant convicted of a serious or violent felony necessarily was committed to state prison; the defendant may have received a probationary sentence. Thus, the date of the prior conviction is not relevant.

In our view, it is inappropriate to refer to the five-year period as a "washout period." ██ As we discuss below, the typical "washout period" is tied to the date of a prior prison term. The term "washout period" "carries the connotation of a crime-free cleansing period of rehabilitation

after a defendant has had the opportunity to reflect upon the error of his or her ways." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813 [68 Cal.Rptr.2d 269].) The defendant is freed from prison, remains free of prison custody for a specific period of time, and is rewarded by expungement of the prior prison term for sentencing purposes if the defendant commits another felony later in life. ■■■ Under section 1210.1, subdivision (b), the prior conviction is not "washed out" by the five-year period, but rather, the exception to the exclusion comes into operation if the defendant has not been in prison within the last five years. The conviction continues to be an excluding factor absent the requisite five-year period immediately preceding the current drug offense. This is the only reasonable interpretation of the statutory language.

The statutory language of section 1210.1, subdivision (b) is in contrast to the five-year "washout period" set forth in section 667.5, subdivision (b). ■■■ Section 667.5, subdivision (b) provides for an additional one-year enhancement for each prior prison term "provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of . . . prison custody . . . ." (§ 667.5, subd. (b).) The "provided" language in this statute refers to the prior prison term and "washes out" the prison term for all time for purposes of the one-year enhancement. The statute states that the prison term must be followed by a five-year period free from prison custody. Section 667.5, subdivision (a) provides a similar 10-year "washout period" for prior violent felony prison term enhancements. ■■■ Section 1210.1, subdivision (b), on the other hand, contains no such language "washing out" the prior serious or violent felony conviction, but states that the current nonviolent drug possession offense must be preceded by a five-year period free from prison custody.

Defendant's interpretation of the provisions relating to the five-year period in section 1210.1, subdivision (b), is not reasonable. Defendant asserts that the five-year period may be any five years after the prior serious or violent felony conviction. However, the statute makes no reference to the prior conviction and does not include the language added by defendant. Defendant's construction would require us to substitute the word "any" for "a" and add the phrase "between the prior serious or violent felony conviction and the commission of the current nonviolent drug possession offense." The statute would read: "After any period of five years between the prior serious or violent felony conviction and the commission of the current nonviolent drug possession offense in which the defendant remained free of . . . prison custody . . . ." If the applicable period is not the five years immediately preceding the commission of the current offense, then it might

also be any five-year period before the prior serious or violent felony conviction or between two such convictions. Under defendant's proposed interpretation, probation and drug treatment would be mandated for defendants recently released from state prison for committing any number of serious or violent felonies, as long as at some time in their lives five years had elapsed without a prison commitment. The voters could not reasonably have so intended.[3] Moreover, in order to qualify for the exception, a defendant must remain free of not only prison custody, but also any felony conviction (other than a nonviolent drug possession offense) and any violent misdemeanor conviction. These additional factors buttress our conclusion that the relevant five-year period is the one immediately preceding the current offense.

*Legislative History*[4]

We have concluded that the statutory language read in context and taken as a whole is clear. (*Day v. City of Fontana* (2001) 25 Cal.4th 268, 272 [105 Cal.Rptr.2d 457, 19 P.3d 1196].) Moreover, the meaning we attribute to the language of the statute is reinforced by the ballot summary, argument, and analysis for Proposition 36 distributed to the voters for the November 2000 General Election. (See *Amador Valley Joint Union High Sch. Dist. v. State Bd. of Equalization* (1978) 22 Cal.3d 208, 245-246 [149 Cal.Rptr. 239, 583 P.2d 1281].) Proponents of the measure assured the voters it was "strictly limited" and that individuals "previously convicted of violent or serious felonies . . . will not be eligible for the treatment program unless they've served their time and have committed no felony crimes for five years." (Ballot Pamp., Gen. Elec. (Nov. 7, 2000) argument in favor of Prop. 36, p. 26.) Proponents of the measure warned that nonviolent drug offenders were "overcrowding our jails," where drug treatment programs were rarely available, and causing "violent criminals" to be released early into the community. (*Id.*, ballot measure summary, p. 3; *id.*, argument in favor of Prop. 36, p. 26.) In their argument in favor of the measure, the proponents stated: "Proposition 36 is strictly limited. It only affects those guilty of simple drug possession. If previously convicted of violent or serious felonies, they will not be eligible for the treatment program unless they've served their time and have committed no felony crimes for five years." (*Id.*, argument in favor

---

[3]That the Legislature used different language in a different context is not persuasive on the issue of the meaning of Proposition 36. (See § 1000, subd. (a)(5) ["The defendant's record does not indicate that he or she has successfully completed or been terminated from diversion or deferred entry of judgment pursuant to this chapter within five years prior to the alleged commission of the charged offense."].)

[4]We take judicial notice of the ballot pamphlet materials for Proposition 36.

of Prop. 36, p. 26.) The analysis by the Legislative Analyst informed the voters: "[O]ffenders with one or more violent or serious felonies on their record, and thus subject to longer prison sentences under the Three Strikes law, would not be sentenced under this measure to probation and drug treatment, unless certain conditions existed. Specifically, during the five years before he or she committed a nonviolent drug possession offense, the offender (1) had not been in prison, (2) had not been convicted of a felony (other than nonviolent drug possession), and (3) had not been convicted of any misdemeanor involving injury or threat of injury to another person." (*Id.*, analysis of Prop. 36 by Legis. Analyst, pp. 23-24.)

The entire ballot summary is consistent with our interpretation of the meaning of the words of the statute in context. Most importantly, the analysis by the Legislative Analyst specifically informed the voters that violent or serious criminals would not be eligible for the probation and drug treatment program unless they had not been in prison during the five years before the commission of the current nonviolent drug possession offense. This was the information before the voters when they adopted Proposition 36.

*Conclusion*

The voters adopted Proposition 36 in order to provide noncustodial drug treatment for nonviolent drug possession offenders. The voters intended to reduce drug offenses and related crimes by treating, rather than incarcerating, the drug offenders. One of the purposes of the initiative was to reserve limited state prison space for violent and serious criminals. Thus, the measure expressly excludes from the probation and drug treatment program violent and serious criminals unless certain very circumscribed conditions are met. One of those conditions is that the defendant have been free from prison custody for five years. We have concluded, based on the language of the statute, that the five-year period referenced is the five-year period immediately preceding the commission of the current offense. This conclusion is reinforced by the legislative history.[5]

DISPOSITION

The petition for writ of mandate is granted. A peremptory writ shall issue directing respondent court to vacate defendant's probationary sentence.

---

[5]Because we have determined that defendant is not eligible for probation and drug treatment under the exception for a five-year period free from prison custody, we do not also decide whether he is ineligible on another ground.

Because this order affects defendant's eligibility for probation, defendant may move to withdraw his guilty plea.

Armstrong, J., and Mosk, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied July 10, 2002. Brown, J., did not participate therein.