[No. H023966. Sixth Dist. Dec. 19, 2002.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
ANGELICA NATASHA MARTINEZ, Real Party in Interest.

**COUNSEL**

George W. Kennedy, District Attorney, Joseph V. Thibodeaux and Judith Sklar, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Jose R. Villarreal, Public Defender, Barbara B. Fargo and Sarita Shah, Deputy Public Defenders, for Real Party in Interest.

OPINION

RUSHING, J.—

INTRODUCTION

In this petition for a writ of mandate, the People seek to vacate the trial court's order granting real party in interest, defendant Angelica Natasha Martinez, probation and drug treatment under Proposition 36, the Substance Abuse and Crime Prevention Act of 2000. Defendant was granted drug treatment and probation after she pleaded guilty to nonviolent drug possession offenses and admitted having a 1987 prior strike conviction. According to the People, defendant was not eligible for drug treatment and probation because she has a 1987 prior strike conviction and committed a felony weapons offense within five years immediately preceding her commission of the 2001 nonviolent drug possession offenses. (Pen. Code, § 1210.1, subd. (b)(1).)[1] We agree that the trial court erred and will therefore issue a peremptory writ of mandate.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Defendant's Current Offenses and Conviction Record*

Defendant was charged with one felony count of possessing cocaine (Health & Saf. Code, § 11350, subd. (a)), one misdemeanor count of being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)), and one misdemeanor count of possessing controlled substance paraphernalia. (Health & Saf. Code, § 11364.) All offenses allegedly took place on April 5, 2001. The information also alleged a prior 1987 strike conviction for robbery (§§ 211, 212.5, subd. (b)). Defendant pleaded guilty to all charges and admitted the truth of the prior conviction.

According to the probation report prepared for the sentencing hearing, defendant's criminal history includes five prior felony convictions in 1987 for robbery and attempted robbery, and one prior felony conviction in 2000 for possessing a dangerous weapon. (§ 12020, subd. (a).) Additionally, defendant has 17 prior misdemeanor convictions for a variety of offenses, including prostitution, drug possession and loitering. Due to defendant's

---

[1]All unspecified statutory references are to the Penal Code.

lengthy criminal history and commission of the present drug offenses while on probation for the felony weapons offense, the probation officer recommended that defendant's request for probation and drug treatment under Proposition 36 be denied. The probation officer also advised the trial court that defendant was ineligible for probation under section 667, subdivision (c)(2), and recommended that she be sentenced to four years in state prison, the midterm for count one.

### B. *Defendant's Motion for Proposition 36 Probation and Drug Treatment*

After pleading guilty, defendant filed a motion requesting the trial court to determine that she was eligible for probation and drug treatment pursuant to Proposition 36. Defendant argued that she was eligible because her current offenses are for nonviolent drug possession and she was not barred by the section 1210.1, subdivision (b)(1) exception for persons with a prior strike conviction, because she had achieved a five-year washout period after her release from prison in 1992, in which she was free of both prison custody and any disqualifying convictions. Specifically, defendant asserted that she was paroled in January 1992 after serving her sentence for the 1987 robbery convictions, and that she had not been in prison custody since that time. Defendant also stated that she was not convicted of any felony offense from January 1992 until June 14, 2000, the date she was convicted of the felony weapons offense.

Defendant argued that she was eligible for drug treatment and probation based on her interpretation of section 1210.1, subdivision (b)(1). Section 1210.1, subdivision (b)(1), together with subdivision (a), provides that a person convicted of nonviolent drug possession is not eligible for drug treatment probation if the person has been convicted of one or more specified serious or violent felonies, "unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of both prison custody and the commission of an offense that results in (A) a felony conviction other than a nonviolent drug possession offense, or (B) a misdemeanor conviction involving physical injury or the threat of physical injury to another person." (§ 1210.1, subd. (b)(1).)

Defendant argued that the phrase "after a period of five years" in section 1210.1, subdivision (b)(1) must be construed to provide a washout period of five years *after* the date of release from prison on a prior conviction for a serious or violent felony, not *before* the commission of the current nonviolent drug possession offense. Defendant explained that "[u]nder the terms of the statute, the conviction 'washes out' if the defendant remains both prison custody free and free from commission of any offense, other than [a nonviolent drug possession offense], which results in a felony conviction or a

misdemeanor conviction relating to physical injury for a period of five years. Thus, from the date defendant is released from prison on his conviction for a serious felony, if he remains out of prison and is not convicted of a new felony offense or misdemeanor involving physical injury or threat thereof for a period of five years, his prior serious felony conviction 'washes out' and it may not be used to deny him drug treatment under [section] 1210.1 at any time in the future."

Defendant also maintained that the washout provision of section 1210.1, subdivision (b)(1), is analogous to the washout provision of section 667.5, which provides enhanced punishment for habitual criminals, and likewise begins to run immediately after defendant is released from prison. To conclude otherwise would in defendant's view be contrary to the legislative history of Proposition 36. If the electorate had intended the qualifying five-year period to be the five years immediately preceding the current drug offense, defendant argued, the text of Proposition 36 would have expressly indicated that intent.

## C. The People's Opposition to Defendant's Motion

The People opposed defendant's motion and argued that defendant was not eligible for Proposition 36 probation and drug treatment. According to the People, defendant's interpretation of the language of section 1210.1, subdivision (b)(1) pertaining to the five-year period, was incorrect for several reasons. First, the People contended that a plain language reading of section 1210.1, subdivision (b)(1), shows that the five-year period must obviously immediately precede the current offense. Therefore, the People argued, defendant's June 2000 felony weapons conviction, which occurred during the five-year period immediately preceding her current nonviolent drug possession offenses in 2001, rendered her ineligible for Proposition 36 probation and drug treatment.

Second, the People challenged defendant's contention that Proposition 36 provides a washout provision analogous to the washout provision in section 667.5. The People distinguished section 667.5 because that section is used to increase punishment, while section 1210.1 is used to decrease punishment and to help defendants who have remained crime free. Finally, the People argued that the principle of statutory interpretation requiring an ambiguous penal statute to be interpreted in favor of the defendant is inapplicable, because, in the People's view, section 1210.1, subdivision (b)(1) is not ambiguous.

## D. The Trial Court's Order Granting Probation

The trial court granted defendant's motion. The trial court reasoned that the language of section 1210.1, subdivision (b)(1), pertaining to the five-year

period, is ambiguous. The trial court found that the language was reasonably susceptible of two interpretations, as argued by the parties, and therefore under principles of statutory interpretation, the court decided that the statute should be construed in defendant's favor to provide a five-year washout period. Accordingly, the court ruled that "because the defendant's [section] 12020 conviction or offense committed in the year 2000 was not a serious or violent offense, and the defendant following her strike prior had been released from prison for a period of over eight years she is eligible for drug treatment under this Court's findings pursuant to Proposition 36."

The People petitioned for writ relief from the probation order. We issued an order to show cause why the relief requested should not be granted. We also granted the People's request for judicial notice of the California Official Voter Information Guide for the November 7, 2000, General Election.

DISCUSSION

A. *Writ Review Is Available*

■ The People have a statutory right to seek writ review of an order granting probation pursuant to section 1238, subdivision (d). (*People v. Douglas* (1999) 20 Cal.4th 85, 92 [82 Cal.Rptr.2d 816, 972 P.2d 151].) Section 1238, subdivision (d), provides that "Nothing contained in this section shall be construed to authorize an appeal from an order granting probation. Instead, the people may seek appellate review of any grant of probation, whether or not the court imposes sentence, by means of a petition for a writ of mandate or prohibition which is filed within 60 days after probation is granted. The review of any grant of probation shall include review of any order underlying the grant of probation." Therefore, "[m]andate, not appeal, is the proper means for the People to secure review of an order granting probation. [Citations.]" (*People v. Superior Court (Frietag)* (1988) 204 Cal.App.3d 247, 249 [250 Cal.Rptr. 912].)

In performing writ review of an order granting probation, we apply the abuse of discretion standard of review. (*People v. Superior Court (Dorsey)* (1996) 50 Cal.App.4th 1216, 1225 [58 Cal.Rptr.2d 165].) " 'Abuse of discretion,' in turn, depends on whether the trial court's order ' "exceeds the bounds of reason." ' [Citation.] Obviously, a decision which simply ignores statutory requirements constitutes an abuse of discretion." (*Ibid.*)

B. *Probation and Drug Treatment Under Proposition 36*

We begin our writ review with an examination of the pertinent statutory language. Section 1210.1 provides, in pertinent part, that "(a) Notwithstanding any other provision of law, and except as provided in subdivision (b),

any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program. . . . [¶] (b) Subdivision (a) does not apply to either of the following: [¶] (1) Any defendant who previously has been convicted of one or more serious or violent felonies in violation of subdivision (c) of Section 667.5 or Section 1192.7, *unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of both prison custody and the commission of an offense* that results in (A) a felony conviction other than a nonviolent drug possession offense, or (B) a misdemeanor conviction involving physical injury or the threat of physical injury to another person." (Italics added.)

In the present case, the issue of defendant's eligibility for Proposition 36 probation and drug treatment turns on the interpretation of the phrase "after a period of five years" in section 1210.1, subdivision (b)(1). Section 1210.1, subdivision (b)(1) prohibits granting drug treatment to any defendant previously convicted of one or more specified serious or violent felonies "unless the nonviolent drug possession offense occurred *after a period of five years* in which the defendant remained free of both prison custody and the commission of [the specified offenses] . . . ." (Italics added.)

We believe that the phrase "after a period of five years" is ambiguous. This is because it is not clear whether the five-year period refers to the period immediately preceding commission of the nonviolent drug possession offense. In other words, the phrase "after a period of five years" does not definitively show whether the nonviolent drug possession offense must occur *immediately* after a period of at least five years. On the one hand, the use of the word "a" could be construed as meaning *any* five-year period after the prior strike conviction in which the defendant remains free of prison custody and commission of the specified offenses. If this interpretation were correct, then defendant here would be eligible for probation and drug treatment since there was a period of more than five years, from 1992-2000, when she did remain free of prison custody and commission of the specified offenses. Yet this interpretation is undermined by the fact that the phrase "after a period of five years" is not expressly anchored to defendant's prior strike offense. In other words, if the five-year period meant *any* five-year period after the prior strike, then it would seem reasonable to expect that the statute be worded so that the phrase "after a period of five years" was expressly tethered to the strike prior. (See *People v. Superior Court (Turner)* (2002) 97 Cal.App.4th 1222, 1228-1229 [119 Cal.Rptr.2d 170].) But the statute is not so worded. In fact, the clause within subdivision (b)(1) that creates the exception for prior strike offenders does not even refer to the prior strike offense.

Because the statutory language is ambiguous, we may consider the voters' intent in approving Proposition 36. " 'When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.] If a penal statute is still reasonably susceptible to multiple constructions, then we ordinarily adopt the " 'construction which is more favorable to the offender . . . .' " ' [Citation.]" (*People v. Superior Court (Jefferson)* (2002) 97 Cal.App.4th 530, 536 [118 Cal.Rptr.2d 529], quoting *People v. Rizo* (2000) 22 Cal.4th 681, 685-686 [94 Cal.Rptr.2d 375, 996 P.2d 27].)

 Review of the ballot summary, analyses, and arguments presented to the electorate in connection with Proposition 36 makes clear that the voters intended the five-year period in which a defendant with a prior strike conviction must be free of prison custody and felony convictions, in order to be eligible for Proposition 36 drug treatment probation, be the *five years immediately preceding* the commission of the current nonviolent drug possession offense.

The Legislative Analyst's discussion compels this conclusion. The Legislative Analyst's statement expressly informed the voters that violent or serious criminals would not be eligible for the probation and drug treatment program unless they had not been in prison during the five years *before* the commission of the current nonviolent drug possession offense. The Legislative Analyst stated: "In addition, offenders with one or more violent or serious felonies on their record, and thus subject to longer prison sentences under the Three Strikes law, would not be sentenced under this measure to probation and drug treatment, unless certain conditions existed. Specifically, *during the five years before* he or she committed a nonviolent drug possession offense, the offender (1) had not been in prison, (2) had not been convicted of a felony (other than nonviolent drug possession), and (3) had not been convicted of any misdemeanor involving injury or threat of injury to another person." (Ballot Pamp., Gen. Elec. (Nov. 7, 2000) analysis of Prop. 36 by Legis. Analyst, pp. 23-24, italics added.)

The use of the words "during *the* five years before" shows that there is only *one* five-year period—the five-year period immediately before the nonviolent drug possession offense. If it had been intended that the five-year period could occur at any time after the prior strike conviction, then the phrase would not have included the definite article "the." It would make no sense to refer to "*the* five years before" if what was really intended was to include *any* five-year period. As stated in *People v. Superior Court (Henkel)* (2002) 98 Cal.App.4th 78, 82 [119 Cal.Rptr.2d 465]: "The use of the word 'the' ('*the* five years before commission of the offense') specifically locates

the required five years in the five-year period immediately preceding the offense." By using the word "the," the Legislative Analyst statement demonstrates that the five-year period is meant to be anchored to the nonviolent drug possession offense. Thus, the Legislative Analyst statement shows that the five-year period means the five-year period immediately before the nonviolent drug offense.

Other ballot materials also support our conclusion. The "Argument in Favor of Proposition 36" states: "Proposition 36 is strictly limited. It only affects those guilty of simple drug possession. If previously convicted of violent or serious felonies, they will not be eligible for the treatment program unless they've [sic] served their time and have committed no felony crimes for five years." (Ballot Pamp., Gen. Elec., *supra*, argument in favor of Prop. 36, p. 26.) The thrust of this statement supports the view that the five years means the five years immediately before the nonviolent drug possession offense since a contrary interpretation would not result in Proposition 36 being "strictly limited." In fact, defendant's interpretation would greatly expand the scope of Proposition 36 by including within its ambit persons who committed any number of nondrug felony offenses during the five years immediately preceding the simple drug offense, so long as the person had achieved the requisite five-year period at any point in their past after the prior strike offense. Such a result is not consistent with the tenor of the statements in the ballot materials that emphasize Proposition 36's limited application and intent to exclude persons convicted of prior strike convictions who also commit recent offenses that are not strikes but are also not nonviolent drug possession offenses. (See *People v. Superior Court* (*Henkel*), *supra,* 98 Cal.App.4th at p. 83.)

Viewing these legislative materials as a whole, it seems clear that defendant's interpretation would conflict with the voters' intent in enacting Proposition 36.

Defendant's interpretation is also unreasonable as a matter of policy. It makes sense to offer drug treatment to nonviolent drug offenders. It also makes sense to offer drug treatment to nonviolent drug offenders who have committed prior strikes but who have not committed during the five years before the nonviolent drug offense any felonies that are not nonviolent drug possession offenses or misdemeanors involving physical injury or threat of physical injury to another. Such persons are more likely to be amenable to rehabilitative efforts and more likely to benefit from drug treatment. By contrast, a person who has committed a prior strike felony and who has *also* committed within five years of the nonviolent drug offense felonies that are *not* nonviolent drug possession offenses or committed misdemeanors involving physical injury or the threat of physical injury, is not as good a candidate

for treatment under Proposition 36. The records of such persons are already hardened by virtue of their prior strike conviction. When such persons also have a recent history of felonies that are not nonviolent drug possession offenses and/or a recent history of misdemeanors involving physical injury or threat of physical injury, there is less reason to believe that they are likely to be amenable to drug treatment or that the voters intended them to have the benefits of Proposition 36 probation and drug treatment. (See *People v. Superior Court (Jefferson), supra,* 97 Cal.App.4th at p. 537; *People v. Superior Court (Henkel), supra,* 98 Cal.App.4th at p. 83.) It would seem illogical to conclude that such persons should be eligible for drug treatment simply because at some point in their past, perhaps 20 or 25 years earlier, they had for five years remained out of trouble.

Defendant's interpretation also does not mesh with a somewhat similar provision under section 1000. Section 1000 excludes from drug treatment a defendant who has a prior felony conviction unless "[t]he defendant has no prior felony conviction within five years prior to the alleged commission of the charged offense." (§ 1000, subd. (a)(6).) Section 1000 serves a function similar to Proposition 36 because it requires the court to exclude from eligibility a defendant who has recently engaged in felonious behavior. Given that section 1000 looks to the defendant's most recent record in determining whether the defendant qualifies for treatment, it makes sense to believe that Proposition 36 was similarly meant to look to the strike prior defendant's most recent past in determining whether that strike prior defendant was eligible for treatment. (*People v. Superior Court (Henkel), supra,* 98 Cal.App.4th at p. 84.)

By contrast, section 667.5, subdivision (b) sets forth an entirely different "washout" period. It provides for an additional one year enhancement for each prior prison term "provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of . . . prison custody . . . ." Under this statute, the prison term must be followed by a five-year period free of prison custody and then the prior prison term is washed out for purposes of the one-year enhancement. Section 667.5, subdivision (b) differs from section 1210.1 since section 667.5, subdivision (b) anchors the "prior prison term" to the five-year period by requiring that the term be served "prior to a period of five years." By contrast, section 1210.1 does not tether the five-year period to the prior strike offense and this undermines defendant's claim that the five-year period can occur at any time so long as it occurs after the prior strike offense. (*People v. Superior Court (Turner), supra,* 97 Cal.App.4th at p. 1229.)

Our conclusion is also supported by other appellate decisions. All of the appellate courts that have considered the issue agree that the phrase "after a

period of five years" refers to the five-year period immediately preceding the nonviolent drug possession offense. (See, e.g., *People v. Superior Court (Henkel)*, *supra*, 98 Cal.App.4th at pp. 82-83; *People v. Superior Court (Turner)*, *supra*, 97 Cal.App.4th at pp. 1230-1231; *People v. Superior Court (Jefferson)*, *supra*, 97 Cal.App.4th at pp. 533-534.) In reaching its conclusion, the court in *Henkel* stated that "[t]o hold otherwise and accord Proposition 36 treatment to a person with a history of violent felonies who had recently committed further felonies would impermissibly ignore [the voters'] intentions and burden the drug treatment system with those who are most unamenable to treatment." (*People v. Superior Court (Henkel)*, *supra*, 98 Cal.App.4th at p. 83.) No appellate court has adopted the interpretation urged by defendant.

In sum, we reject defendant's construction of section 1210.1, subdivision (b)(1). We conclude that the phrase "after a period of five years" refers to the period immediately preceding the commission of the nonviolent drug possession offense.

Applying that construction to the facts before us, we find that defendant was not free of felony convictions during the five years immediately before her commission in 2001 of nonviolent drug possession offenses. Specifically, defendant was convicted on June 15, 2000, of committing felony possession of a dangerous weapon. (§ 12020.) Consequently, under section 1210.1, subdivision (b)(1), defendant is not eligible for Proposition 36 probation. The trial court erred in reaching a contrary conclusion.

### DISPOSITION

Let a peremptory writ of mandate issue directing respondent to vacate its order granting probation and to enter a new order that complies with section 1210.1, subdivision (b)(1).

Bamattre-Manoukian, Acting P. J., and Mihara, J., concurred.