[No. C044242. Third Dist. Jan. 22, 2004.]

PAUL ROGER MOORE, Petitioner, v.
THE SUPERIOR COURT OF SUTTER COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

402

## Counsel

Rothschild, Wishek & Sands and Michael L. Chastaine for Petitioner.

No Appearance for Respondent.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Brian R. Means and Julia Bancroft, Deputy Attorneys General, for Real Party in Interest.

## Opinion

**NICHOLSON, Acting P. J.**— ■ Petitioner Paul Roger Moore seeks a writ of mandate, contending he is eligible for probation under Proposition 36, the Substance Abuse and Crime Prevention Act of 2000. (Pen. Code, §§ 1210, 1210.1, 3063.1; Health & Saf. Code, § 11999.4 et seq.)[1] Proposition 36 requires the court to grant probation and drug treatment to any defendant convicted of a nonviolent drug possession offense and prohibits incarceration as a condition of probation. (§ 1210.1, subd. (a).)

However, as relevant here, Proposition 36 shall *not* apply to a defendant previously convicted of a serious or violent felony *unless* he or she has satisfied a so-called five-year "washout" period, that is, "unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of both *prison custody* and the *commission* of an offense that results in (A) a felony conviction other than a nonviolent drug possession offense . . . ." (§ 1210.1, subd. (b)(1), italics added.)

■ The sole issue is whether it is the *commission* or the *conviction* of the prior disqualifying felony that begins the washout period. We hold that the

---

[1] Further unlabeled statutory references are to the Penal Code.

washout period commenced when petitioner *committed* the disqualifying prior felony, as opposed to when he was *convicted* of that felony. We shall therefore direct the issuance of the writ of mandate sought by petitioner.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1997, in San Francisco, petitioner was charged with several felonies, all of which were alleged to have been committed on or about May 5, 1997. Following his arrest, petitioner was incarcerated in the county jail for only three days, on May 5, 6 and 7, 1997.

The 1997 charges were not resolved for more than three and one-half years. In December 2000, petitioner pleaded no contest to the felony of assault with intent to commit rape (§ 220), under a plea bargain providing for five years' probation, no further jail or prison time, and dismissal of all remaining charges. In January 2001, petitioner came before the San Francisco Superior Court for sentencing. The court suspended imposition of sentence and granted probation on the condition petitioner serve three days in jail, but credited against that term the three days he served in 1997.

Thus, petitioner's prior conviction for assault with intent to commit rape is considered to have occurred in either December 2000 or January 2001. (See *People v. Mendoza* (2003) 106 Cal.App.4th 1030, 1033 [131 Cal.Rptr.2d 375] [generally, the term "convicted" has no uniform meaning in California, and may refer to either a guilty plea or the judgment pronounced on the plea].)[2] Petitioner served no prison time for the conviction, even though assault with intent to commit rape is a "violent" and "serious" felony. (§§ 667.5, subd. (c)(15), 1192.7, subd. (c)(10).)

The current Sutter County case originated in October 2002, when petitioner was charged in a criminal complaint with possession of methamphetamine. (Health & Saf. Code, § 11377, subd. (a).) He allegedly committed the new offense on or about October 19, 2002,—more than five years after he

---

[2] *People v. Mendoza, supra,* 106 Cal.App.4th 1030, concluded that for the purpose of determining when a defendant was convicted of the *current nonviolent drug possession offense* under Proposition 36, "conviction" occurs when a defendant enters a guilty plea to the offense, not when he is later sentenced for the offense. (*Id.* at p. 1034.) *Mendoza* disagreed with *In re DeLong* (2001) 93 Cal.App.4th 562, 570 [113 Cal.Rptr.2d 385], which held "conviction" in that context "means adjudication of guilt *and* judgment thereon." (Italics in original.) We express no opinion on this issue because: (1) we are concerned with the timing of the *prior disqualifying felony,* not the current alleged drug offense; (2) it makes no difference whether petitioner was convicted of the prior felony in December 2001 or January 2002, since either date is less than five years before he allegedly committed the current drug offense; and (3) we shall conclude it is the prior felony commission date that counts, not the conviction date.

*committed* assault with intent to commit rape (in May 1997), but less than five years after he was *convicted* of that felony (in December 2000 or January 2001).

Prior to the preliminary hearing, petitioner filed an "Application for A Determination of Eligibility Pursuant to Penal Code § 1210.1 [Prop. 36]." Petitioner argued that the five-year washout period applied, rendering him eligible for Proposition 36 probation, because he *committed* the disqualifying felony more than five years before allegedly committing the current nonviolent drug possession offense. The People countered that the washout period was not satisfied because petitioner was *convicted* of the disqualifying felony less than five years before allegedly committing the new offense.

The application was considered at the preliminary hearing. The magistrate was persuaded by the People's argument, denied the application, and ordered petitioner held to answer for possession of methamphetamine. In April 2003, petitioner renewed his application in the superior court, but it was again denied on the ground petitioner was *convicted* of the prior felony within five years preceding the current alleged offense.[3] The superior court also opined that petitioner's request for a ruling on Proposition 36 eligibility might be premature.

Petitioner filed a petition for writ of mandate and request for stay in this court, which we denied summarily. Petitioner then filed a petition for review in the California Supreme Court. The Supreme Court granted review, transferred the matter to this court with directions to issue an order to show cause why the relief sought in the petition should not be granted, and stayed the superior court proceedings pending further order of this court. (*Moore v. Superior Court*, review granted Aug. 13, 2003, S117290.) We complied with the Supreme Court's order and have received and considered the People's return.[4]

---

[3] Both of petitioner's applications were denied by Sutter County Superior Court Judge Hansen, who made the first decision while sitting as a magistrate.

[4] Whether or not the superior court's ripeness concern was well taken, the Supreme Court's grant of review and directions to issue an order to show cause determined that petitioner lacked "a plain, speedy, and adequate, remedy in the ordinary course of law." (Code Civ. Proc., § 1086; *Robbins v. Superior Court* (1985) 38 Cal.3d 199, 205 [211 Cal.Rptr. 398, 695 P.2d 695] [court necessarily determined appeal was not an adequate remedy when it issued alternative writ]; *Smith v. Superior Court* (1992) 10 Cal.App.4th 1033, 1037 [13 Cal.Rptr.2d 133]; *Cooke v. Superior Court* (1989) 213 Cal.App.3d 401, 408, fn. 5 [261 Cal.Rptr. 706], disapproved on another ground in *County of San Diego v. State of California* (1997) 15 Cal.4th 68 [61 Cal.Rptr.2d 134, 931 P.2d 312].)

## DISCUSSION

This case requires us to determine the meaning of language in section 1210.1, subdivision (b)(1). " 'If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) or of the voters (in the case of a provision adopted by the voters).' (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299]; see also *Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276–277 [87 Cal.Rptr.2d 222, 980 P.2d 927] [general rules of statutory construction apply to initiatives].)" (*People v. Mendoza, supra,* 106 Cal.App.4th at p. 1033.) The language at issue here is clear, unambiguous, and favors the petitioner.

■ The controlling provision provides that Proposition 36 shall not apply to: "Any defendant who previously has been convicted of one or more serious or violent felonies in violation of subdivision (c) of Section 667.5 or Section 1192.7, unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of both prison custody and the *commission* of an offense that results in (A) a felony conviction other than a nonviolent drug possession offense, or (B) a misdemeanor conviction involving physical injury or the threat of physical injury to another person." (§ 1210.1, subd. (b)(1), italics added.) This language plainly demonstrates that the *commission* date of the prior disqualifying felony initiates the five-year washout period where, as here, the defendant serves no prison time.

■ The People's argument that the date on which a defendant is *convicted* of the prior disqualifying felony triggers the washout period misconstrues the words of the statute. No linguistically correct reading of the statute can yield the meaning urged by the People. Alternatively, the People would rely on the "Argument in Favor of Proposition 36" found in the ballot pamphlet for the November 2000 general election, arguing that petitioner's view is contrary to the voters' intent. However, because the language of the statute is clear, we need not resort to indicia of the voters' intent. (*Lungren v. Deukmejian, supra,* 45 Cal.3d at p. 735.)

In any event, the ballot pamphlet excerpt on which the People rely does not aid them.[5] It reads: "Proposition 36 is strictly limited. It only affects those

---

[5] We take judicial notice of the ballot pamphlet, which may properly be considered to show the intent of the voters in passing an initiative measure. (See Evid. Code, § 452, subd. (c); *Pacific Legal Foundation v. Brown* (1981) 29 Cal.3d 168, 182–183 & fn. 6 [172 Cal.Rptr. 487, 624 P.2d 1215]; *People v. Superior Court (Henkel)* (2002) 98 Cal.App.4th 78, 82, fn. 3 [119 Cal.Rptr.2d 465]; *People v. Superior Court (Turner)* (2002) 97 Cal.App.4th 1222, 1230, fn. 4 [119 Cal.Rptr.2d 170]; *Kidd v. State of California* (1998) 62 Cal.App.4th 386, 407, fn. 7 [72 Cal.Rptr.2d 758].)

convicted of simple drug possession. If previously convicted of violent or serious felonies, they will not be eligible for the treatment program unless they've served their time and have *committed* no felony crimes for five years." (Ballot Pamp., Gen. Elec. (Nov. 7, 2000) argument in favor of Prop. 36, p. 26, italics added.) This supports the meaning proffered by petitioner and which we adopt here.[6]

Finally, the People note that in four other decisions concerning the Proposition 36 washout period—each holding that the washout period must immediately precede the commission of the current nonviolent drug possession offense—the prior disqualifying felony *conviction* occurred more than five years before the current drug offense. (*People v. Superior Court (Martinez)* (2002) 104 Cal.App.4th 692 [128 Cal.Rptr.2d 372]; *People v. Superior Court (Henkel)*, *supra*, 98 Cal.App.4th 78; *People v. Superior Court (Turner)*, *supra*, 97 Cal.App.4th 1222; *People v. Superior Court (Jefferson)* (2002) 97 Cal.App.4th 530 [118 Cal.Rptr.2d 529].) For several reasons, the People's reliance on those cases is misplaced.

Each of the four cases addressed the proper interpretation of the phrase "after a period of five years" in section 1210.1, subdivision (b)(1), i.e., a part of the statute different than that at issue here. The date of the prior disqualifying felony conviction was merely incidental to the issue in those cases, and none held that the disqualifying felony conviction date commenced the washout period. Moreover, an examination of those cases shows that their overall import and explicit language defeat the People's position.

For example, *People v. Superior Court (Martinez)*, *supra*, 104 Cal.App.4th 692, stated: "It makes sense to offer drug treatment to nonviolent drug offenders. It also makes sense to offer drug treatment to nonviolent drug offenders who have committed prior strikes but who have not *committed* during the five years before the nonviolent drug offense any felonies that are not nonviolent drug possession offenses or misdemeanors involving physical injury or threat of physical injury to another. Such persons are more likely to

---

[6] For unknown reasons, the People do *not* attempt to rely on a different portion of the Proposition 36 ballot pamphlet more helpful to their position. The "Analysis by the Legislative Analyst" stated: "[O]ffenders with one or more violent or serious felonies on their record, and thus subject to longer prison sentences under the Three Strikes Law, would not be sentenced under this measure to probation and drug treatment, unless certain conditions existed. Specifically, during the five years before he or she committed a nonviolent drug possession offense, the offender (1) had not been in prison, (2) had not been *convicted* of a felony (other than nonviolent drug possession), and (3) had not been *convicted* of any misdemeanor involving injury or threat of injury to another person." (Ballot Pamp. Gen. Elec. (Nov. 7, 2000) analysis of Prop. 36 by Legis. Analyst, pp. 23–24, italics added.) Thus, at best, as far as the People are concerned, the ballot pamphlet is self-contradictory. We also believe the Legislative Analyst misread the express words of the proposed statute. In any event, since the language of the statute itself is clear and unambiguous, we need not concern ourselves with the ambiguous ballot pamphlet.

be amenable to rehabilitative efforts and more likely to benefit from drug treatment. By contrast, a person who has committed a prior strike felony and who has also *committed* within five years of the nonviolent drug offense felonies that are not nonviolent drug possession offenses or *committed* misdemeanors involving physical injury or the threat of physical injury, is not as good of a candidate for treatment under Proposition 36." (*Id.* at pp. 700–701, italics added and omitted.)

*People v. Superior Court (Henkel), supra,* 98 Cal.App.4th 78, determined defendant was ineligible for Proposition 36 by counting backward from his current drug offense to the date he *committed* the disqualifying prior felony: "However, he *committed* a nondrug-related felony (willful corporal injury on a spouse) only seven months before the drug possession offense in this case." (*Id.* at p. 81, italics added.) *Henkel* also said: "[Defendant's] argument to the contrary is simply unreasonable. His reading of the statute would permit the referral to drug treatment of a former 'strike' offender who, after remaining felony-free for five years following the strike conviction, then *commits* numerous nonstrike felonies, such as spousal abuse, in the time immediately preceding the drug offense. The voters did not intend to make drug treatment available to this sort of offender. . . . To hold otherwise and accord Proposition 36 treatment to a person with a history of violent felonies who had recently *committed* further felonies would impermissibly ignore these intentions and burden the drug treatment system with those who are most unamenable to treatment." (*Id.* at p. 83, italics added.)

*People v. Superior Court (Turner), supra,* 97 Cal.App.4th 1222, concerned a defendant who had been in prison less than three months before he committed the current drug offense. (*Id.* at p. 1225.) In holding that the washout period is the five-year period immediately preceding the current offense, not any five-year period following the prior disqualifying conviction (*ibid.*), the court stated: "There is no reference in the exception language to the prior conviction. Thus, the statute cannot reasonably be interpreted to refer to a five-year period dependent on the date of the prior conviction. Nor does it follow that a defendant convicted of a serious or violent felony necessarily was committed to state prison; the defendant may have received a probationary sentence. *Thus, the date of the prior conviction is not relevant.*" (*Id.* at p. 1228, italics and underscoring added.)

The fourth case the People cite, *People v. Superior Court (Jefferson), supra,* 97 Cal.App.4th 530, in holding that the washout period must immediately precede the new drug offense, stated: "We believe that this interpretation is in accord with the voters' purpose in providing for a washout period. . . . [E]ven a person with a history of serious offenses may be attempting to rehabilitate himself or herself. . . . By requiring a washout period, the voters

wanted an assurance that the defendant is *currently* trying to give up a life of crime, even though he or she may still have a drug problem. . . . Thus, we believe that the voters must have intended that the five-year washout period immediately precede the defendant's current nonviolent drug possession offense because only then is there an indication that the defendant is in the midst of a genuine rehabilitation period." (*Id.* at p. 537, italics added.)

▪ Thus, the fact that petitioner was merely *convicted* of a disqualifying felony within five years preceding his current alleged nonviolent drug possession offense does not necessarily negate his *current* amenability to drug rehabilitation, when (as far as this record shows) he did not *commit* the offense in the five years preceding his current alleged drug offense. In determining eligibility, Proposition 36 expressly focuses on a defendant's recent *conduct*, not his recent convictions for acts committed long ago. (See *People v. Superior Court (Henkel), supra,* 98 Cal.App.4th at p. 84 [Prop. 36 washout provision requires court to exclude from eligibility an offender with "a recent history of felonious *behavior*" (italics added)].)[7]

To the extent two of the decisions relied on by the People appear to contain dicta misstating the meaning of section 1210.1, subdivision (b)(1), by suggesting the prior felony conviction date commences the washout period, we reject their implications. (See *People v. Superior Court (Martinez), supra,* 104 Cal.App.4th at pp. 699, 702; *People v. Superior Court (Henkel), supra,* 98 Cal.App.4th at p. 80.)[8] "Language used in any opinion is of course to be understood in light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered." (*Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689].)

Our conclusion that the commission date of the prior disqualifying felony controls is bolstered by *People v. Jackson* (1983) 143 Cal.App.3d 627 [192

---

[7] Of course, where a defendant with a prior violent or serious felony record receives prison time for his prior felony for other than a nonviolent drug possession offense—in most cases, we would think—the focus would be on whether he was in prison custody within five years preceding his current drug offense. (§ 1210.1, subd. (b)(1).)

[8] *People v. Superior Court (Martinez), supra,* 104 Cal.App.4th at page 699, stated: "Review of the ballot summary, analyses, and arguments presented to the electorate in connection with Proposition 36 makes clear that the voters intended the five-year period in which a defendant with a prior strike conviction must be free of prison custody and felony convictions, in order to be eligible for Proposition 36 drug treatment probation, be the *five years immediately preceding* the commission of the current nonviolent drug possession offense." (Underscoring added, original italics.) At page 702, *Martinez* explained defendant was ineligible for Proposition 36 because she "was not free of felony convictions during the five years immediately before her . . . nonviolent drug possession offenses." (Italics added.) *People v. Superior Court (Henkel), supra,* 98 Cal.App.4th at page 80, noted that "seven months before committing the drug possession offense in this matter, [defendant] was *convicted* of committing another felony." (Italics added.) We conclude these statements in *Martinez* and *Henkel* are mere dicta and they carry no weight with respect to the distinct issue we address here.

Cal.Rptr. 7], which addressed the five-year washout period for the prior prison term enhancement of section 667.5, subdivision (b). Preliminarily, we acknowledge that the two washout periods operate differently, because the Proposition 36 washout period must immediately precede the current nonviolent drug possession offense (*People v. Superior Court (Martinez), supra,* 104 Cal.App.4th at p. 702), but the section 667.5 washout period need not, i.e., once a prior prison term is "washed out," it is gone forever (*People v. Superior Court (Turner), supra,* 97 Cal.App.4th at p. 1229). However, the language of the two washout provisions is virtually identical with respect to whether it is the commission or conviction of the prior felony that commences the washout period.

Section 667.5, subdivision (b) provides that no additional term shall be imposed "for any prison term served prior to *a period of five years in which defendant remained free of both prison custody and the <u>commission</u> of an offense which results in a felony conviction.*" (Italics and underscoring added.) Similarly, section 1210.1, subdivision (b)(1) provides that Proposition 36 applies "*unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of both prison custody and the <u>commission</u> of an offense that results in (A) a felony conviction* other than a nonviolent drug possession offense . . . ." (Italics and underscoring added.)

*People v. Jackson, supra,* 143 Cal.App.3d 627, applied the language of section 667.5, subdivision (b) in a manner that supports our view of the similar provision in Proposition 36. The defendant there appealed after being convicted of two burglaries and sentenced to prison. (*Jackson,* at p. 629.) Among other things, he claimed the trial court improperly imposed an enhancement under section 667.5. (*Jackson,* at p. 629.) Defendant argued he had been free of prison custody, imposed after a 1963 robbery conviction, for a five-year period commencing upon his initial release on parole, and therefore, the prior prison custody could not be used to enhance his current sentence. (*Ibid.*)

The *Jackson* court rejected defendant's argument under the following reasoning: "*Accepting, for the sake of argument, that appellant became free of prison custody* on June 10, 1971, when he was released on parole for the final time for his 1963 conviction, it was also necessary for appellant not to *commit* any felony offenses within the five-year period following release on parole. (See § 667.5, subd. (b).) A review of appellant's record shows that appellant was convicted of felony offenses on August 4, 1971, April 25, 1975, June 1, 1976, June 5, 1977, and May 25, 1978. It is self-evident that no five-year period elapsed in which appellant was free from both prison custody and the *commission* of offenses resulting in felony convictions as required by section 667.5, subdivision (b) in order to avoid enhancement. [¶] We conclude that the trial court correctly imposed a one-year enhancement pursuant

to section 667.5." (*People v. Jackson, supra,* 143 Cal.App.3d at pp. 630–631, italics omitted and added.) Thus, despite differences in their application, both statutes show the *commission* of the prior disqualifying offense is what counts.

One point raised by the People with which we do agree is that "this is not the typical situation where the strike-felon is sent to state prison." However, the fact that this is an unusual situation is not a reason to construe section 1210.1, subdivision (b)(1) in a way that does violence to its clear and unambiguous language.

■ For the reasons stated, we conclude the superior court should have ruled, based on the facts it had at the time, that petitioner was eligible for Proposition 36 probation despite his December 2000 or January 2001 disqualifying felony conviction, since he "remained free of both prison custody and the commission of an offense that results in (A) a felony conviction other than a nonviolent drug possession offense" for at least five years immediately preceding his alleged October 2002 nonviolent drug possession offense. (§ 1210.1, subd. (b)(1).)[9]

---

[9] On September 10, 2003, after filing their return, the People (1) filed a "Motion to File Motion Under Seal," (2) submitted for filing a "Motion to File Under Seal and Declaration In Support of Motion," and (3) lodged a record in a sealed envelope marked "Conditionally Under Seal." (See Cal. Rules of Court, rule 12.5(e)(3).) Petitioner objected to the Motion to File Motion Under Seal and our consideration of the tendered record. The People seek to introduce petitioner's "rap sheet" to show he is ineligible for Proposition 36 for reasons other than those they raised in the trial court. The attempt is not well taken.

We deny the Motion to File Motion Under Seal because the People's supporting declaration does not contain facts showing good cause for filing the proffered motion or record under seal. (Cal. Rules of Court, rules 12.5(e)(2), (e)(6), 243.1(d).) We direct the clerk of the court not to place the lodged record in the case file but rather to return it to the People, and also direct the clerk to return to the People the unfiled Motion to File Under Seal and Declaration In Support of Motion. (Cal. Rules of Court, rule 12.5(e)(7).) We have not examined the record lodged conditionally under seal.

Even if we had permitted the People to file their proffered motion (under seal or otherwise), we would have denied it on the ground that the People were improperly attempting to introduce new evidence that was not before the superior court when it ruled on petitioner's renewed application. (*People v. Superior Court (Lavi)* (1993) 4 Cal.4th 1164, 1173–1174, fn. 5 [17 Cal.Rptr.2d 815, 847 P.2d 1031]; *Stevens v. Superior Court* (1997) 52 Cal.App.4th 55, 58, fn. 3 [60 Cal.Rptr.2d 397]; *Stevens v. Superior Court* (1999) 75 Cal.App.4th 594, 607, fn. 13 [89 Cal.Rptr.2d 370].) Our decision herein is based on the facts previously in front of the superior court, which are the same facts in the record when the writ petition was filed and when the Supreme Court granted review, transferred the case to us, and ordered us to issue the order to show cause.

However, our decisions on the People's recent motions are not intended to preclude the People from later attempting to introduce in the superior court additional facts that may show petitioner is ineligible for Proposition 36 probation for reasons other than his December 2000 or January 2001 felony conviction for assault with intent to commit rape. We express no view on what effect new facts might have on petitioner's Proposition 36 eligibility.

## DISPOSITION

Let a peremptory writ of mandate issue, directing the superior court to vacate its May 7, 2003 order finding petitioner ineligible for Proposition 36 probation, and commanding the trial court to enter a new and different order concluding that petitioner's December 2000 or January 2001 felony conviction for assault with intent to commit rape (§ 220) does not disqualify petitioner from Proposition 36 probation. The stay of proceedings in the trial court is dissolved.

Raye, J., and Morrison, J., concurred.