[No. A052052. First Dist., Div. Two. Nov. 20, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID EDWARDS, Defendant and Appellant.

COUNSEL

Clay, Hall & Hove, C. Don Clay and Thomas M. Kummerow for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan M. Helfman and Michael E. Banister, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

KLINE, P. J.—

*Introduction*

David Edwards appeals the judgment of the Alameda County Superior Court convicting him of violation of Health and Safety Code section 11370.1 (possession of half a gram or less of a substance containing cocaine base while in the immediate personal possession of a loaded firearm). His sole contention on appeal is that Health and Safety Code section 11370.1 denies equal protection of the laws under article I, section 7 of the California Constitution and the Fourteenth Amendment to the United States Constitution. We find no violation of equal protection and so affirm the judgment.

## Statement of the Case/Statement of Facts

Appellant was arrested on July 18, 1990, during an undercover drug buy operation in Oakland. While officers were arresting the drug seller, one officer saw appellant, who was standing nearby, pull a plastic bag from his pants pocket, drop it to the ground, and take a few steps away from the bag. Appellant was arrested and the bag appeared to contain a small rock of cocaine. A search of appellant pursuant to his arrest disclosed another bag containing rock cocaine in appellant's shirt pocket and a loaded .44 Magnum revolver tucked in appellant's waistband.

Appellant was charged in count 1 with possession of cocaine base, a felony violation of Health and Safety Code section 11350 and with possession of a handgun within the meaning of Penal Code section 12022, subdivision (a). In count 2, appellant was charged with possession of half a gram or less of a substance containing cocaine base while in the immediate personal possession of a loaded, operable firearm, a felony violation of Health and Safety Code section 11370.1.[1]

Following closing arguments in appellant's jury trial, the court dismissed count 1 and the accompanying handgun enhancement on the prosecutor's motion. On November 2, 1990, the jury found appellant guilty of the crime charged in count 2. Appellant was placed on supervised probation for three years. This timely appeal followed.

## Discussion

### I.

Appellant contends that section 11370.1[2] denies him equal protection of the laws by punishing people more severely than would be the case if they

---

[1] All statutory references are to the Health and Safety Code, unless otherwise indicated.

[2] Section 11370.1 provides:

"(a) Notwithstanding Section 11350 or 11377 or any other provision of law, every person who unlawfully possesses one-half gram or less of a substance containing cocaine base, one gram or less of a substance containing cocaine, one gram or less of a substance containing heroin, one gram or less of a substance containing methamphetamine, one-eighth gram or less of a crystalline substance containing phencyclidine, one milliliter or less of a liquid substance containing phencyclidine, one-half gram or less of plant material containing phencyclidine, or one hand-rolled cigarette treated with phencyclidine while in the immediate personal possession of a loaded, operable firearm is guilty of a felony punishable by imprisonment in the state prison for two, three, or four years.

"As used in this subdivision, 'immediate personal possession' includes, but is not limited to, in the interior passenger compartment of a motor vehicle.

were charged under a possession statute augmented by a firearm enhancement. Specifically, he points to different terms of imprisonment and the unavailability of diversion as an alternative to prison or probation under section 11370.1. He argues that persons charged under section 11370.1 for possession of less than half a gram of cocaine base while possessing a weapon are punished more harshly than persons similarly situated who are charged under the alternate scheme of section 11350 with simple possession of cocaine base plus an arming enhancement under Penal Code section 12022, subdivision (a). He points out that under section 11350, one may be charged with simple possession even where possessing more than half a gram, but less than a salable quantity. Hence, he contends that one who possesses a weapon is subject to harsher criminal penalties for possessing smaller amounts of cocaine base under section 11370.1 than would be the case if punished under section 11350 with a Penal Code section 12022, subdivision (a) gun enhancement.

In reality, the possible term of imprisonment under section 11370.1 is equal to or less than that imposed under the combination of section 11350 and the enhancement. Section 11370.1 provides for punishment of two, three, or four years in prison and makes diversion unavailable. In contrast, under section 11350, subdivision (a) (as provided in Pen. Code § 18), punishment is sixteen months, two or three years in state prison. The firearm enhancement of Penal Code section 12022, subdivision (a), provides an additional one-year imprisonment. Thus, the minimum term of imprisonment under the allegedly "harsher" punishment of section 11370.1 is actually four months *less* than under section 11350, subdivision (a), in conjunction with the firearm enhancement.

## II.

*A.* The only way in which section 11370.1 could be asserted to operate more harshly than the alternate statutes is that it makes anyone convicted under it ineligible for diversion.

█ " 'Before deciding whether or not the . . . legislation violates the equal protection clauses of the United States and California Constitutions, we must look at the tests employed in reviewing legislative classification. [Citations.] "When a classification is based upon a 'suspect' category (race, creed, sex, wealth, etc.) or touches upon a 'fundamental interest,' it is subject to 'strict scrutiny' and 'active and critical analysis' by the court. The state then 'bears the burden of establishing not only that it has a *compelling*

---

"(b) Any person who is convicted under this section shall be ineligible for diversion under Chapter 2.5 (commencing with Section 1000) of Title 6 of Part 2 of the Penal Code.)"

interest which justifies the law but that the distinctions drawn by the law are *necessary* to further its purpose.' " [Citation.] In the absence of a suspect category or fundamental interest, it must be determined whether the legislative classification rationally relates to a legitimate state interest. (*Newland* v. *Board of Governors* (1977) 19 Cal.3d 705, 711 . . . .) . . . .' (*Hooper* v. *Deukmejian, supra,* 122 Cal.App.3d at pp. 1008-1009.)" (*People* v. *Jones* (1985) 176 Cal.App.3d 120, 126 [221 Cal.Rptr. 382].) The inquiry under the "rational basis" test requires the court to conduct " 'a serious and genuine judicial inquiry into the correspondence between the classification and the legislative goals' " (*Newland* v. *Board of Governors* (1977) 19 Cal.3d 705, 711 [139 Cal.Rptr. 620, 566 P.2d 254]; see also *People* v. *Jones, supra*; *Cooper* v. *Bray* (1978) 21 Cal.3d 841, 847-848 [148 Cal.Rptr. 148, 582 P.2d 604]; *Hooper* v. *Deukmejian* (1981) 122 Cal.App.3d 987, 1008-1009 [176 Cal.Rptr. 569].)

■ Appellant maintains that a fundamental "liberty interest" is impacted by the statutory denial of diversion to persons convicted under section 11370.1 and that strict scrutiny is required. The California Supreme Court has determined otherwise. In *Sledge* v. *Superior Court* (1974) 11 Cal.3d 70 [113 Cal.Rptr. 28, 520 P.2d 412], our Supreme Court held that the preliminary determination by the district attorney of an accused's eligibility for diversion was not an exercise of the judicial power and did not violate the constitutional requirement of separation of powers. (Cal. Const., art. III, § 3.) The court also rejected the petitioner's contention that the diversion statute denied him due process and equal protection of the laws, stating: "[I]nasmuch as the resulting ineligibility of persons who have a history of drug abuse or crimes of violence is rationally related to the purposes of this legislation identified in [*People* v. *Superior Court* (*On Tai Ho*) (1974) 11 Cal.3d 59 [113 Cal.Rptr. 21, 520 P.2d 405], no denial of equal protection is shown." (*Sledge* v. *Superior Court, supra,* at p. 76, fn. 7.) Hence, *Sledge* v. *Superior Court* establishes that equal protection challenges based upon statutory ineligibility for diversion are reviewed under the rational basis standard to determine whether the classification is rationally related to the purposes of the statute.

■ Assuming for the sake of argument that persons convicted under section 11370.1 are similarly situated with persons convicted under section 11350 with a Penal Code section 12022, subdivision (a) arming enhancement, we proceed to examine the purposes of the statute and the relationship of the asserted classification to those purposes.[3]

The legislative intent behind section 11370.1 was to address a deficiency in California law which did not specifically make it a public offense for a

---

[3]We do not here decide whether the classification affects persons who are similarly situated.

person to possess or be under the influence of a small amount of a controlled substance while in the immediate possession of a firearm. (Enrolled Bill Rep. of the Office of Criminal Justice Planning, dated Sept. 25, 1989.) As stated in a memorandum from Department of Justice Legislative Advocate Carolyn McIntyre, dated February 7, 1990: "[T]he bill accomplishes what the author, Ex-Senator Stirling, the sponsors, San Diego SD, and the Committee on Public Safety intended it to accomplish. It was intended to provide an enhanced punishment for individuals that are convicted of possessing small quantities of drugs for *personal use* while possessing a loaded operable firearm . . . ."[4]

The provision of the statute denying eligibility for diversion to one convicted of this offense is rationally based. ■ Penal Code section 1000, the diversion statute, does not provide diversion for offenses involving possession for sale. The focus of the diversion program is the tentative or experimental user who possesses only a small amount of drugs for personal use. "[D]iversion permits the courts to identify the experimental or tentative user before he becomes deeply involved with drugs, to show him the error of his ways by prompt exposure to educational and counseling programs in his own community, and to restore him to productive citizenship without the lasting stigma of a criminal conviction." (*People* v. *Superior Court* (*On Tai Ho*) (1974) 11 Cal.3d 59, 61 [113 Cal.Rptr. 21, 520 P.2d 405].) Consequently, there is less likelihood that one carrying amounts exceeding the amounts specified in section 11370.1 would be diverted. Where larger amounts are involved, the fact that the defendant was also carrying a firearm is less a factor in the diversion decision.

■ Moreover, before section 11370.1, it was not at all clear that personal possession of a weapon would disqualify from diversion a defendant arrested for simple possession of a small amount of drugs. For instance, in *People* v. *Macafee* (1980) 109 Cal.App.3d 808 [167 Cal.Rptr. 495], the defendant had been arrested for disorderly conduct and battery. A booking search revealed a usable amount of cocaine. He was convicted of possession of cocaine, and the charges of battery and disorderly conduct were dismissed. (*Id.*, at p. 811.) The defendant challenged the prosecutor's determination that he was ineligible for diversion under Penal Code section 1000. "For an accused to be eligible for diversion, Penal Code section 1000 requires, inter alia, that '[t]he offense charged did not involve a crime of violence or threatened violence.' (Pen. Code, § 1000, subd. (a)(2).)" (*Id.*, at p. 812.) The court reversed the probation order and remanded to allow the

[4]Upon respondent's request, we have taken judicial notice of The Enrolled Bill Report; a Memorandum from Deputy Attorney General Michael D. O'Reilley, dated February 2, 1990; and the responding memorandum from Department of Justice Legislative Advocate Carolyn McIntyre, dated February 7, 1990. (Order dated Aug. 16, 1991.)

trial court to determine whether the defendant should be diverted, stating: "An offense specified in section 1000 does not 'involve' a crime of violence or threatened violence unless the drug offense played some part in the commission of the violent crime, e.g., where the defendant committed a crime of violence while under the influence or during the purchase of a controlled substance. [¶] Appellant's possession of cocaine apparently played no part in the commission of the battery. There was no evidence that he was under the influence of cocaine at the time." (*Id.*, at pp. 812-813.)

Similar reasoning has been applied to the arming enhancement statute, Penal Code section 12022. In *People v. Miley* (1984) 158 Cal.App.3d 25 [204 Cal.Rptr. 347], the court held the defendant's act of handing a gun to a solicitee during an aborted solicitation for murder did not invoke the arming statute, because the defendant did not carry the firearm as an instrument of offense or defense during the solicitation. (*Id.*, at pp. 32-33.)

It appears, then, that in order to sustain an arming enhancement, the felon must have possessed the firearm as an instrument in the commission of the offense. Therefore, if the prosecution could not prove that the firearm was possessed as an instrument in the commission of the drug offense, it would not be possible to sustain an arming allegation or the prosecutor's determination that the defendant committed an offense which "involve[d] a crime of violence or threatened violence." (Pen. Code, § 1000, subd. (a)(2).) Consequently, the possessor of a small amount of drugs would face a lesser term and would be eligible for diversion, despite the simultaneous possession of a loaded firearm.

We may reasonably infer that the Legislature enacted section 11370.1 in 1989 as a response to judicial construction of the diversion statute and the arming enhancement statute. As respondent argues: "The legislators' intent was clearly to punish a distinct category of offenders: those who possess very small amounts of controlled substances while in the 'immediate personal possession of a loaded, operable firearm.' Under the old law, this is the category of offenders most likely to be placed in a civil diversion program (due to the very small amounts of contraband involved) despite the presence of a weapon." (Italics omitted.)

The statute reasonably focuses upon possessors of small amounts of drugs because they are significantly more likely to be diverted than persons possessing larger amounts. The Legislature could reasonably conclude that the prosecutor should not be required to convince a trial court that the loaded, operable weapon possessed by the user or possessor of a small amount of drugs was an "instrument" in the commission of the drug offense,

or that the drug offense was "involved with" a crime of violence in order to justify a refusal to divert the offender.

■ It is well established that the Legislature may single out a particular threat to society and punish it as a separate category from other types of threats. " '[T]he Equal Protection Clause does not require that a State must choose between attacking every aspect of a problem or not attacking the problem at all. [Citation.]' [Citation.]" (*People* v. *Jerez* (1989) 208 Cal.App.3d 132, 140 [256 Cal.Rptr. 31], quoting *Dandridge* v. *Williams* (1970) 397 U.S. 471, 486-487 [25 L.Ed.2d 491, 503, 90 S.Ct. 1153].) " 'The Legislature is not bound, in order to adopt a constitutionally valid statute, to extend it to all cases which might possibly be reached, but is free to recognize degrees of harm and to confine its regulation to those classes of cases in which the need is deemed to be the most evident.' [Citations.]" (*People* v. *Jerez, supra.*)

■ Section 11370.1, subdivision (b) denying eligibility for diversion to persons convicted of possessing small amounts of drugs while in personal possession of a loaded, operable firearm is rationally related to the legitimate purposes of the statute.

*B.* Appellant also contends that section 11370.1 denies equal protection of the law as the statute "targets only cocaine base or 'crack,' not cocaine powder, heroin, methamphetamine nor any other illegal narcotics, only cocaine base." Therefore, appellant argues such selective targeting disproportionately impacts the Black community. We need not address this argument as appellant obviously has overlooked the language of the statute applying to possession of substances other than cocaine base, including cocaine, heroin, methamphetamine, and phencyclidine. (§ 11370.1, subd. (a).)

The judgment is affirmed.

Smith, J., and Peterson, J., concurred.