[No. B067804. Second Dist., Div. Two. June 10, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
GUSTAVO ROJAS GRANADOS, Defendant and Appellant.

**COUNSEL**

H. Russell Halpern for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Linda C. Johnson and Stephen M. Kaufman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THE COURT.\***—Gustavo Rojas Granados appeals from the judgment entered upon his plea of no contest to possession of money or instruments in excess of $100,000 involved in the unlawful sale or purchase of cocaine (Health & Saf. Code, § 11370.6, subd. (a)), following the denial of his motion to declare the statute under which he was charged unconstitutional. He contends: "Section 11370.6 of the Health and Safety Code violates article one section seven of the California Constitution and the Fifth and Fourteenth Amendments to the United States Constitution."

The record reflects that on November 4, 1991, appellant, while under surveillance by police officers, was observed transferring a black vinyl bag from his automobile to the van of a man and woman he met at a restaurant. The man then shook hands with appellant and drove away. The officers

---

*Before Boren, P. J., Gates, J., and Nott, J.

followed and observed excessive speed violations as the man drove through residential neighborhoods. After approximately five minutes, the van stopped. The woman passenger left the van carrying the black vinyl bag and ran towards an apartment complex. She was detained, and $200,000 in United States currency was discovered in the black bag. Thereafter, appellant was stopped and the apartment in which he lived was searched. Among the items recovered in the search were approximately $3,000 in bundled-up $5 bills, a stack of $100 bills, ledgers, and two Beretta semiautomatic handguns. Appellant had a pager on his person and $500 in $5 bills in his pants pocket.

 Appellant's motion to declare Health and Safety Code section 11370.6 unconstitutional was based on his claim that the statute on its face impermissibly distinguished between attorneys and nonattorneys in possession of more than $100,000 derived from traffic in narcotics, and that the statute was "overbroad and therefore vague." After hearing extensive argument by both parties, the court denied appellant's motion, commenting in relevant part that it was "not persuaded [the statute is] unconstitutional," that the Legislature did not want "to make it difficult to hire an attorney [or] . . . to make anything ostensibly discouraging to an attorney when he's about to accept employment to represent an accused," and that "the right to the attorney of your choice is an overwhelming compelling need to intrude into the otherwise normal application of the law. . . ."

The contention that the court's denial of the motion was erroneous because Health and Safety Code section 11370.6 on its face violates both the state and federal Constitutions is without merit. When prosecuting an attorney under the provisions of subdivision (b), the People are required to prove certain elements that differ from those set forth for defendants such as appellant prosecuted under subdivision (a). The statute provides that, "[i]n consideration of the constitutional right to counsel," when an attorney accepts a fee for representing a client in a criminal matter prosecuted under subdivision (a), there must be proof that such money was accepted "with the intent to participate in the unlawful conduct described in subdivision (a) or to disguise or aid in disguising the source of the funds or the nature of the criminal activity." Even assuming that the threshold for conviction of an attorney is raised beyond the level required for nonattorneys, it appears that no fundamental liberty interest or suspect classification is involved. (Cf. *People* v. *Olivas* (1976) 17 Cal.3d 236, 251 [131 Cal.Rptr. 55, 551 P.2d 375].) Furthermore, the distinction between attorneys and nonattorneys in the statute serves, and is rationally related to, the legitimate state interest of avoiding any chilling effect upon the freedom to retain counsel of one's choice. (*People* v. *Edwards* (1991) 235 Cal.App.3d 1700, 1705-1706 [1

Cal.Rptr.2d 631]; *Ayala* v. *Superior Court* (1983) 146 Cal.App.3d 938, 943 [194 Cal.Rptr. 665].) In view of the constitutional guarantees of the right to counsel, as well as the clearly stated legislative goals, the statute is not facially unconstitutional.

The judgment is affirmed.

Appellant's petition for reivew by the Supreme Court was denied September 15, 1993.