[No. A096715. First Dist., Div. Two. May 2, 2002.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF NAPA COUNTY, Respondent;
ROBERT OTTO HENKEL, Real Party in Interest.

**COUNSEL**

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Michael E. Banister and William Kuimelis, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Terry Davis, Public Defender, and Neil Bowman-Davis, Deputy Public Defender, for Real Party in Interest.

**OPINION**

**HAERLE, J.—**

## I. INTRODUCTION

The People challenge the trial court's order granting probation and imposing a drug treatment requirement on real party in interest Robert Otto Henkel. They argue that Henkel is not eligible for probation under Proposition 36, the Substance Abuse and Crime Prevention Act of 2000 (Pen. Code, § 1210 et seq.)[1] because he has a prior strike (§ 1192.7, subd. (c)(18)) and, seven months before committing the drug possession offense in this matter, was convicted of committing another felony. We agree and, accordingly, grant the petition for a writ of mandate.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Henkel was arrested on May 18, 2001, for possession of methamphetamine. He pled guilty and also admitted a prior strike. One of the terms of his plea agreement was that he would receive probation with a drug treatment requirement rather than incarceration, as permitted under Proposition 36.

However, Henkel has a history of prior convictions. On May 30, 1989, he was convicted of two counts of first degree burglary (§ 459), a strike (§ 667, subds. (b) - (i)) and one count of willful infliction of corporal injury upon a spouse (§ 273.5), a nonstrike felony. He was released from custody, following several parole violations, on March 24, 1994. On October 11, 2000, seven months before his commission of the offense in this case and more than six years after his release from custody following the strike conviction, Henkel was again convicted of willful infliction of corporal injury upon a spouse, a felony (§ 273.5).[2]

After hearing argument on Henkel's eligibility for sentencing under Proposition 36, the trial court suspended imposition of sentence and placed Henkel on probation. This petition followed. We issued an order to show cause and calendared the matter for argument.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

[2] A year after his release from prison, on September 14, 1995, Henkel was convicted of a felony violation of Health and Safety Code section 11377, subdivision (a), a drug possession offense and placed on 36 months' probation with 180 days in jail as a condition of probation. However, because this intervening offense was a drug-related crime, it has no impact on his eligibility for treatment. (§ 1210.1, subd. (b)(1).)

## III. DISCUSSION

In November 2000, California voters enacted Proposition 36, which requires that certain classes of offenders receive probation and drug rehabilitation treatment (§ 1210.1). Although a wide variety of offenders are eligible for this treatment, Proposition 36 excludes certain persons with a prior history of violent criminal behavior. The issue before us is a narrow one: whether Henkel's criminal history before the methamphetamine possession conviction in this case makes him ineligible for treatment under Proposition 36. In order to answer this question, we look first to the plain meaning of the statute. If the statute's meaning is ambiguous, we turn to the voters' intent and, finally, if the voters' intent is not clear, construe the statute most favorably to Henkel, the offender. (*People v. Rizo* (2000) 22 Cal.4th 681, 685-686 [94 Cal.Rptr.2d 375, 996 P.2d 27].)

Section 1210.1, subdivision (b)(1) provides that any person who has suffered a prior strike is ineligible for Proposition 36 treatment "unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of both prison custody and the commission of an offense that results in (A) a felony conviction other than a nonviolent drug possession offense, or (B) a misdemeanor conviction involving physical injury or the threat of physical injury to another person."

 The Attorney General argues that the five-year period of freedom from commission of a felony—often referred to as a "washout"—must occur in the five years *immediately prior to* the current possession offense. Henkel, on the other hand, urges us to find that this five-year washout may occur *at any time before* the current possession offense. The significance of this distinction to Henkel is obvious: after his release from jail in 1994, he did not commit another nondrug-related felony for over five years. However, he then committed a nondrug-related felony (willful corporal injury on a spouse) only seven months before the drug possession offense in this case. If we count backward from the current drug offense, Henkel would not be eligible for probation and drug treatment. If we count forward from the time of his release from custody in 1994, he would be eligible for this treatment.

The language of the statute not only fails to answer this dispute, but also is general enough to support either position. In order to be eligible for probation and drug treatment, Henkel's current offense had to have taken place "after a period of five years in which the defendant remained free of both . . . custody and the commission of . . . a felony." The reference to "after a period of five years in which the defendant remained" felony-free is not anchored to any particular starting point. Thus, it reasonably could be

construed to mean that the washout period could occur *at any time after* Henkel was released from prison in 1994 or in the five-year period *immediately before* the current offense. Both Henkel and the Attorney General seem to agree on this point; Henkel, for example, notes that "this 'exclusion exception' is subject to a variety of interpretations based upon the phrase 'after a period of five years.'"

Therefore, we turn to the voters' intent in passing Proposition 36. As our Supreme Court has long held, "when, as here, the enactment follows voter approval, the ballot summary and arguments and analysis presented to the electorate in connection with a particular measure may be helpful in determining the probable meaning of uncertain language."[3] (*Amador Valley Joint Union High Sch. Dist. v. State Bd. of Equalization* (1978) 22 Cal.3d 208, 245-246 [149 Cal.Rptr. 239, 583 P.2d 1281]; *Legislature v. Deukmejian, supra,* 34 Cal.3d at p. 673, fn. 14.) Here, both the Legislative Analyst's impartial evaluation of the measure as well as the arguments in favor of the initiative assist us in construing the statute.

The Legislative Analyst had this to say about the five-year washout period: "[O]ffenders with one or more violent or serious felonies on their record, and thus subject to longer prison sentences under the Three Strikes law, would not be sentenced under this measure to probation and drug treatment, unless certain conditions existed. Specifically, *during the five years before* he or she committed a nonviolent drug possession offense, the offender (1) had not been in prison, (2) had not been convicted of a felony (other than nonviolent drug possession), and (3) had not been convicted of any misdemeanor involving injury or threat of injury to another person." (Ballot Pamp., Gen. Elec. (Nov. 7, 2000) analysis by the Legis. Analyst of Prop. 36, pp. 23-24, italics added.)

The Legislative Analyst's reference to *the* five years before the commission of the drug possession offense eliminates doubt as to which five-year period the court must look to in determining eligibility for Proposition 36 treatment. The use of the word "the" ("*the* five years before commission of the offense") specifically locates the required five years in the five-year period immediately preceding the offense.

---

[3]Henkel suggests that the Legislative Analyst's evaluation alone cannot be sufficient evidence of the voter's intent. We disagree. To the extent that it helpfully reveals the voters' intent, this evaluation can be relied on in determining the meaning of an initiative. (*Legislature v. Deukmejian* (1983) 34 Cal.3d 658, 673, fn. 14 [194 Cal.Rptr. 781, 669 P.2d 17] [ballot summaries and arguments are accepted sources from which to ascertain the voters' intent and understanding of initiative measures]; *Garfinkle v. Superior Court* (1978) 21 Cal.3d 268, 282, fn. 19 [146 Cal.Rptr. 208, 578 P.2d 925] [relying solely on Legislative Analyst's evaluation to determine voters' intent].)

This reading is also consistent with the general tenor of the argument in favor of Proposition 36. This ballot argument does not directly address the question of when the five-year period must occur. However, it does indicate that the initiative was intended to exclude any defendant who was more than a "simple," "nonviolent" drug offender: "Proposition 36 is strictly limited. It only affects those guilty of simple drug possession. If previously convicted of violent or serious felonies, they will not be eligible for the treatment program *unless they've served their time and have committed no felony crimes for five years*. If convicted of a non-drug crime along with drug possession, they're not eligible. If they're convicted of selling drugs, they're not eligible." (Ballot Pamp., Gen. Elec., *supra*, arguments in favor of Prop. 36, p. 26, italics added.) Our reading of the washout provision to exclude a "strike" offender with a felony conviction in the five years leading up to the drug possession offense is consistent with this emphasis on the "strict" limitations on eligibility for Proposition 36 treatment.

Henkel's argument to the contrary is simply unreasonable. His reading of the statute would permit the referral to drug treatment of a former "strike" offender who, after remaining felony-free for five years following the strike conviction, then commits numerous nonstrike felonies, such as spousal abuse, in the time immediately preceding the drug offense. The voters did not intend to make drug treatment available to this sort of offender. Proposition 36 offers treatment to nonviolent, drug-dependent offenders because the voters have concluded that they are most amenable to rehabilitation through drug treatment. To hold otherwise and accord Proposition 36 treatment to a person with a history of violent felonies who had recently committed further felonies would impermissibly ignore these intentions and burden the drug treatment system with those who are most unamenable to treatment.

Henkel argues that because Proposition 36 is remedial legislation, it should be liberally construed to effectuate the objectives of the statute. He contends that these objectives mirror those of section 1000 in which the Legislature was animated by the "broader aim of conducting an unusually liberal experiment in rehabilitation by encouraging the broadest possible participation in the drug treatment programs." (*Morse v. Municipal Court* (1974) 13 Cal.3d 149, 158 [118 Cal.Rptr. 14, 529 P.2d 46]; *Daudert v. People* (1979) 94 Cal.App.3d 580, 587 [156 Cal.Rptr. 640].) He then argues that we should interpret Proposition 36 so as to include him within its reach.

We disagree for several reasons, without even addressing the question of whether Henkel has properly characterized the objectives of Proposition 36. First, although remedial legislation such as Proposition 36 must be broadly

construed, we do so only "[i]f there is ambiguity that is not resolved by the legislative history . . . or other extrinsic sources . . . ." (*Robinson v. Fair Employment & Housing Com.* (1992) 2 Cal.4th 226, 243 [5 Cal.Rptr.2d 782, 825 P.2d 767].) Here, of course, we have concluded that the ballot statements resolve the ambiguity in the text of the statute. Second, we cannot, even using the tool of liberal construction, ignore the specific language used by the Legislative Analyst or the tenor of the arguments in favor of Proposition 36, both of which indicate that the five-year washout period is that period which immediately precedes the nonviolent drug offense.

Henkel also contends that other statutes containing washout provisions, specifically, section 1000 and section 667.5, subdivision (b), support his position. Section 1000 excludes from drug treatment any defendant who has suffered a prior felony conviction, unless "[t]he defendant has no prior felony conviction within five years prior to the alleged commission of the charged offense." (§ 1000, subd. (a)(6).) Henkel seems to suggest that this language establishes that, when the Legislature intended to create a washout period immediately preceding the offense, it knew how to do so and its failure to do so clearly in the case of Proposition 36 can be construed as an intention not to create such a provision. We disagree. In fact, the washout provision in section 1000 serves the same purpose as the similar provision in Proposition 36: both require that the court exclude from eligibility an offender with a recent history of felonious behavior. Because section 1000 looks to the offender's most recent past in making this eligibility determination, it follows that Proposition 36, which offers a similar treatment option, was intended to provide a similar washout period.

In contrast, another washout provision Henkel discusses, section 667.5, subdivision (b), arises in the very different context of sentencing a repeat offender. Generally, the court will add to any felony sentence an additional term for each prior felony term served. However, "no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction." Henkel points out that, in *People v. Jackson* (1983) 143 Cal.App.3d 627 [192 Cal.Rptr. 7], this washout period was construed as occurring in *any* five-year period following release from custody. While we do not disagree with this reading of section 667.5, the language of that section differs markedly from that of Proposition 36, particularly in its use of the phrase "prior to a period of five years." Moreover, we decline to import the definition of a washout period from a recidivist sentencing context into that of drug treatment when that definition is contrary both to the legislative history of the statute and the mechanics of the washout period provided by the far more similar section 1000.

After oral argument in this matter, the courts in *People v. Superior Court (Turner)* (2002) 97 Cal.App.4th 1222 [119 Cal.Rptr.2d 170] and *People v. Superior Court (Jefferson)* (2002) 97 Cal.App.4th 530 [118 Cal.Rptr.2d 529], considered many of the arguments made here and came to the conclusion that the washout period contained in Proposition 36 must immediately precede the current drug conviction. For the reasons stated above, we thoroughly agree with our colleagues in the Second and Fourth Districts.

## IV. DISPOSITION

Let a peremptory writ of mandate issue directing the superior court to vacate its order granting probation and to enter a new order that complies with section 1210.1, subdivision (b)(1).

Kline, P. J., and Ruvolo, J., concurred.