[No. G033402. Fourth Dist., Div. Three. Aug. 20, 2004.]

In re KENNETH ROBERT OGEA on Habeas Corpus.

**COUNSEL**

Deborah A. Kwast, Public Defender, Thomas Havlena, Chief Deputy Public Defender, Kevin J. Phillips, Assistant Public Defender, and Lee Blumen, Deputy Public Defender, for Petitioner Kenneth Robert Ogea.

Tony Rackauckas, District Attorney, and Brian F. Fitzpatrick, Deputy District Attorney, for Respondent State of California.

**OPINION**

**FYBEL, J.—**

## I. INTRODUCTION

A jury convicted Kenneth Robert Ogea of one count of unlawfully possessing methamphetamine in his home while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)). By petition for writ of habeas corpus, Ogea challenges the trial court's order denying his request for probation and treatment under Proposition 36, the Substance Abuse and Crime Prevention Act of 2000 (Pen. Code, §§ 1210, 1210.1, 3063.1), and for release on his own recognizance.

Ogea's writ petition presents an issue of first impression: Whether his conviction under Health and Safety Code section 11370.1, subdivision (a) for possession of a controlled substance while armed with a loaded, operable firearm constituted a "nonviolent drug possession offense," as defined in Penal Code section 1210, subdivision (a).

Based upon the language and intent of Proposition 36 and of Health and Safety Code section 11370.1, we hold the term "nonviolent drug possession offense," as defined in Penal Code section 1210, subdivision (a), does not include a violation of Health and Safety Code section 11370.1. We therefore conclude Ogea was not convicted of a nonviolent drug possession offense making him eligible for probation conditioned on participation in and completion of a drug treatment program under Proposition 36. Accordingly, we deny the petition.

The analytical framework and reasoning of the unanimous decision of our Supreme Court in *People v. Canty* (2004) 32 Cal.4th 1266 [14 Cal.Rptr.3d 14, 90 P.3d 1168] are particularly instructive. We invited the parties to address this recent opinion filed after oral argument in our case. They each submitted excellent letter briefs. The district attorney argues the *People v. Canty* decision "supports the People's position in our case and further illustrates why defendant is ineligible for treatment under Proposition 36." The public defender contends the decision "bolsters petitioner's argument that Health and Safety Code section 11370.1, subdivision (a) . . . is a *nonviolent drug offense* within the purview of Proposition 36." (Fn. omitted.) The public defender recognizes that "[a]lthough the issue presented in *Canty* is not the same as ours—which is to determine whether section 11370.1[, subdivision] (a) comes with[in] the purview of Proposition 36's definition of a nonviolent drug possession offense—*Canty* provides considerable guidance in making that determination."

## II. ANALYSIS

### A. *Proposition 36 and Health and Safety Code Section 11370.1*

In November 2000, California voters enacted Proposition 36, the Substance Abuse and Crime Prevention Act of 2000, codified at Penal Code sections 1210, 1210.1, and 3063.1. "Proposition 36 mandates probation and diversion to a drug treatment program for those offenders whose illegal conduct is confined to using, possessing, or transporting a controlled substance." (*People v. Canty, supra,* 32 Cal.4th 1266, 1275.)

The cornerstone of Proposition 36 is Penal Code section 1210.1, subdivision (a) which provides, in relevant part: "Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program." (See *People v. Floyd* (2003) 31 Cal.4th 179, 183 [1 Cal.Rptr.3d 885, 72 P.3d 820]; *People v. Sharp* (2003) 112 Cal.App.4th 1336, 1339 [5 Cal.Rptr.3d 771]; *People v. Superior Court (Henkel)* (2002) 98 Cal.App.4th 78, 81 [119 Cal.Rptr.2d 465].)

■ Health and Safety Code sections 11370 and 11370.1 make it a felony to possess certain controlled substances "while armed with a loaded, operable firearm." (Health & Saf. Code § 11370.1, subd. (a).) "Section 11370.1 created a new felony for unlawfully possessing certain quantities of controlled substances while in the immediate personal possession of a loaded, operable firearm." (*People v. Pena* (1999) 74 Cal.App.4th 1078, 1082 [88 Cal.Rptr.2d 656].) "The legislative intent behind section 11370.1 was to address a deficiency in California law which did not specifically make it a public offense for a person to possess or be under the influence of a small amount of a controlled substance while in the immediate possession of a firearm." (*People v. Edwards* (1991) 235 Cal.App.3d 1700, 1706–1707 [1 Cal.Rptr.2d 631].)

### B. *Applicable Principles of Statutory Construction*

The issue presented requires us to construe Proposition 36 and Health and Safety Code section 11370.1. " ' "Our role in construing a statute is to ascertain the Legislature's intent so as to effectuate the purpose of the law. [Citation.]" ' " (*People v. Canty, supra*, 32 Cal.4th at p. 1276.) "In interpreting a voter initiative such as Proposition 36, we apply the same principles that govern the construction of a statute." (*Ibid.*)

■ We first examine the language of the statute enacted, giving the words their usual, ordinary meaning. (*People v. Canty, supra*, 32 Cal.4th at p. 1276.) "Words used in a statute or constitutional provision should be given the meaning they bear in ordinary use. [Citations.] If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) or of the voters (in the case of a provision adopted by the voters). [Citations.]" (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

■ The language is construed in the context of the statute as a whole and the overall statutory scheme, so that we give " 'significance to every word,

phrase, sentence, and part of an act in pursuance of the legislative purpose.' " (*People v. Canty, supra*, 32 Cal.4th at p. 1276.) "Literal construction should not prevail if it is contrary to the legislative intent apparent in the statute. The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act. [Citations.] An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in the light of the statutory scheme [citation]; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed [citation]." (*Lungren v. Deukmejian, supra*, 45 Cal.3d at p. 735.)

■ If a statute is ambiguous, then, in addition to the statutory language, we may consider evidence of the voters' or the Legislature's intent, and may examine the history and background of the statute, in order to ascertain the most reasonable interpretation. (*People v. Canty, supra*, 32 Cal.4th at p. 1277.)

### C. *"Nonviolent Drug Possession Offense" Under Proposition 36 Does Not Include a Violation of Health and Safety Code Section 11370.1*

■ Penal Code section 1210.1, subdivision (a) provides that any person convicted of a "nonviolent drug possession offense" shall receive probation conditioned on participation in and completion of a drug treatment program instead of incarceration. A "nonviolent drug possession offense" is defined in Penal Code section 1210, subdivision (a), which states: "The term 'nonviolent drug possession offense' means the unlawful personal use, possession for personal use, or transportation for personal use of any controlled substance identified in Section 11054, 11055, 11056, 11057 or 11058 of the Health and Safety Code,[1] or the offense of being under the influence of a controlled substance in violation of Section 11550 of the Health and Safety Code. The term 'nonviolent drug possession offense' does not include the possession for sale, production, or manufacturing of any controlled substance and does not include violations of Section 4573.6 or 4573.8."[2]

---

[1] Health and Safety Code sections 11054 through 11058 list five schedules of controlled substances, including opiates, stimulants, depressants, hallucinogenics, and narcotics.

[2] At the time of Ogea's offense, Penal Code section 1210, subdivision (a) defined "nonviolent drug possession offense" as "the unlawful possession, use, or transportation for personal use of any controlled substance . . . ." (Former Pen. Code, § 1210, subd. (a), amended by Stats. 2001, ch. 721, § 2.) In 2003, the Legislature amended section 1210, subdivision (a) to its present form to clarify "nonviolent drug possession offense" means "unlawful *personal* use" or "possession for *personal* use" of any controlled substance. (Italics added.) Our analysis is equally applicable to the former section 1210, subdivision (a).

Ogea contends that a nonviolent drug possession offense in Proposition 36 is limited to simple possession, simple use, or simple transportation. Although Proposition 36 is said to apply "only to those convicted of simple drug possession" (*People v. Superior Court (Turner)* (2002) 97 Cal.App.4th 1222, 1226 [119 Cal.Rptr.2d 170]), Penal Code section 1210.1, subdivision (a) itself does not use that phrase.[3] Rather, Penal Code section 1210.1, subdivision (a) uses the term "nonviolent drug possession offense," which is defined in Penal Code section 1210, subdivision (a). We construe the statutory definition because, "[i]f the Legislature has provided an express definition of a term, that definition ordinarily is binding on the courts." (*Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063 [103 Cal.Rptr.2d 751, 16 P.3d 166].)

### 1. Analysis of Statutory Language

The first sentence of Penal Code section 1210, subdivision (a) states a nonviolent drug possession offense *"means"* the unlawful personal use, possession for personal use, or transportation for personal use of the identified controlled substances. (Italics added.) We give words their ordinary meaning (*People v. Birkett* (1999) 21 Cal.4th 226, 231 [87 Cal.Rptr.2d 205, 980 P.2d 912]), and ordinarily the word "means" conveys definition or denotes significance. (Webster's 3d New Internat. Dict. (1993) p. 1398.) The choice of the word "means" suggests the voters intended to define the offenses qualifying for Proposition 36 treatment only as the offenses of unlawful personal use, possession for personal use, or transportation for personal use of the identified controlled substances—and nothing else.

Ogea was not convicted of "unlawful personal use, possession for personal use, or transportation for personal use of any controlled substance." He was convicted of violating Health and Safety Code section 11370.1. Health and Safety Code section 11370.1 was not drafted as an enhancement to Health and Safety Code section 11377, subdivision (a) (misdemeanor possession of controlled substances). Health and Safety Code section 11370.1

---

[3] The phrase "simple possession or use of drugs" is used in subdivision (d) of Penal Code section 1210 in defining "misdemeanor not related to the use of drugs." (Pen. Code, § 1210, subd. (d) ["[t]he term 'misdemeanor not related to the use of drugs' means a misdemeanor that does not involve . . . the simple possession or use of drugs or drug paraphernalia"].)

Penal Code section 1210 does not define "simple possession or use of drugs." In fact, despite the prevalent use of "simple possession or use of drugs" throughout the law and literature on Proposition 36 (e.g., *People v. Glasper* (2003) 113 Cal.App.4th 1104 [7 Cal.Rptr.3d 4]) and its common use in criminal law, we have found no case defining that phrase. Seeking a definition of the phrase "simple possession or use of drugs" is unnecessary here because the issue presented is whether a violation of Health and Safety Code section 11370.1 is a nonviolent drug possession offense as defined in Penal Code section 1210, subdivision (a).

"created a new felony," a conviction for which requires proof not only of possession of a controlled substance, but also proof the defendant was armed with a loaded, operable firearm while in possession of the controlled substance. (*People v. Pena, supra,* 74 Cal.App.4th at p. 1082; *People v. Edwards, supra,* 235 Cal.App.3d at pp. 1705–1707.) A violation of Health and Safety Code section 11370.1 requires more than possession or use of a controlled substance, and therefore does not come within the meaning of nonviolent drug possession offense.

The second sentence of Penal Code section 1210, subdivision (a) states "[t]he term 'nonviolent drug possession offense' does not *include* the possession for sale, production, or manufacturing of any controlled substance." (Italics added.) A violation of Health and Safety Code section 11370.1 is not among these definitional exclusions. We disagree with Ogea's contention that the second sentence of Penal Code section 1210, subdivision (a) comprehensively defines all drug-related offenses not encompassed by Proposition 36.

In *People v. Canty, supra,* 32 Cal.4th 1266, the Supreme Court held a defendant, who was convicted of transporting a controlled substance (a felony), together with driving under the influence of a controlled substance (a misdemeanor), was not eligible for Proposition 36 treatment. Under Penal Code section 1210.1, subdivision (b)(2), a defendant is ineligible for Proposition 36 treatment if the defendant has been "convicted in the same proceeding of a misdemeanor not related to the use of drugs or any felony." An offense is defined as "not related to the use of drugs" if it does not involve the defendant's "simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or . . . any activity similar to those listed in paragraph (1)." (Pen. Code, § 1210, subd. (d).)

The Supreme Court construed the language of Penal Code section 1210, subdivision (d) and concluded the misdemeanor of driving a vehicle while under the influence of a controlled substance is not "an activity similar to those misdemeanors involving the simple possession, use, or presence at the use of drugs, or the failure to register one's status as a drug offender." (*People v. Canty, supra,* 32 Cal.4th at pp. 1279–1280.) The Supreme Court's analysis of the statutory language fell into three parts. First, driving while under the influence involves a greater impairment of an individual's faculties and therefore is not similar to merely being under the influence of a controlled substance. (*Id.* at pp. 1278–1279.) Second, "the conduct that is the central focus of each statute is not similar." (*Id.* at p. 1279.) The focus of the drug-related misdemeanors identified in Penal Code section 1210, subdivision (d)(1) is "private involvement with the proscribed substance," and the

focus of the misdemeanor for driving while under the influence is "not with the offender's use of the proscribed substance, but with his or her use of a motor vehicle." (*People v. Canty, supra,* at p. 1279.) Third, "the interest that society seeks to protect by criminalizing each activity is not identical." (*Ibid.*) "In proscribing '*being* under the influence,' the statute's legislative purpose primarily is to *protect the user* from the consequences—such as addiction to the substance used—of his or her own conduct," while "[i]n proscribing *driving* while under the influence, the statute's legislative purpose is to *protect the public* and guard against the threat of injury to others." (*Ibid.*)

*People v. Canty* construed subdivision (d)(1) rather than subdivision (a) of Penal Code section 1210, and considered the crime of driving while under the influence of a controlled substance, which is not the same crime as possession of a controlled substance while armed. The analysis and reasoning of *People v. Canty, 32 Cal.4th 1266* supports the conclusion a violation of Health and Safety Code section 11370.1 is not a "nonviolent drug possession offense," as defined in Penal Code section 1210, subdivision (a). The focus or gravamen of a violation of Health and Safety Code section 11370.1 is not, as Ogea contends, possession of a controlled substance. The focus of Health and Safety Code section 11370.1 is the combination of possession of a controlled substance and possession of a loaded, operable firearm. Health and Safety Code section 11370.1 created "a new felony." (*People v. Pena, supra,* 74 Cal.App.4th at p. 1082.) " 'The legislators' intent was clearly to punish a *distinct* category of offenders: those who possess very small amounts of controlled substances while in the "immediate personal possession of a loaded, operable firearm." ' " (*People v. Edwards, supra,* 235 Cal.App.3d at p. 1708, italics added.)

Health and Safety Code section 11370.1 was not intended to protect the user from the consequences of his or her own conduct, but to protect the public and law enforcement officers and " ' "stop the growing menace from a very deadly combination—illegal drugs and firearms." ' " (*People v. Pena, supra,* 74 Cal.App.4th at p. 1082.) Proponents of the legislation creating section 11370.1 "noted that armed controlled substance abusers posed a threat to the public and to peace officers." (*People v. Pena, supra,* at p. 1082.) The Legislature viewed possession of a controlled substance while in the immediate area of a firearm to be a serious enough threat to public safety to deny the offender eligibility for diversion to a drug program under Penal Code section 1000. (Health & Saf. Code, § 11370.1, subd. (b).)

We conclude, based on the statutory language, that "nonviolent drug possession offense" as used and defined in Proposition 36 does not include a conviction under Health and Safety Code section 11370.1 because it is not "unlawful personal use, possession for personal use, or transportation for personal use of any controlled substance" (Pen. Code, § 1210, subd. (a)).

## 2. Analysis of Indicia of the Voters' and the Legislature's Intent

Subdivision (b) of Penal Code section 1210.1 identifies situations to which subdivision (a) of that section "does not apply." Under section 1210.1, subdivision (b)(3)(A), subdivision (a) does not apply to "[a]ny defendant who: [¶] . . . [w]hile *using* a firearm, unlawfully possesses any amount of (i) a substance containing either cocaine base, cocaine, heroin, methamphetamine, or (ii) a liquid, nonliquid, plant substance, or hand-rolled cigarette, containing phencyclidine." (Italics added.) Using a firearm, Ogea emphasizes, is different from being armed with a firearm. Ogea argues that because possession of a controlled substance while armed is not listed in subdivision (b) of Penal Code section 1210.1, possession while armed must be included within the definition of nonviolent drug possession offense under subdivision (a) of Penal Code section 1210.

The district attorney urges us to blur the distinction between "using" a firearm and being "armed" with a firearm for purposes of interpreting subdivision (b) of Penal Code section 1210.[4] We need not go so far. At best, Ogea's analysis of Penal Code section 1210.1, subdivision (b) raises an ambiguity in Proposition 36. We can resolve that ambiguity by reference to " 'other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.' " (*People v. Canty, supra,* 32 Cal.4th at p. 1281; see also *Legislature v. Deukmejian* (1983) 34 Cal.3d 658, 673, fn. 14 [194 Cal.Rptr. 781, 669 P.2d 17].) "The intent of the law prevails over the letter of the law, and ' "the letter will, if possible, be so read as to conform to the spirit of the act." [Citation.]' " (*People v. Canty, supra,* 32 Cal.4th at pp. 1276–1277.)

The argument in favor of Proposition 36 on the ballot pamphlet stated: "Proposition 36 is strictly limited. It only affects those guilty of simple drug

---

[4] Various provisions of the Penal Code do recognize this difference. For example, Penal Code section 12022, subdivision (a)(1) provides, "any person who is armed with a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment . . . for one year." In contrast, Penal Code section 12022.5, subdivision (a) provides that "any person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment . . . for 3, 4, or 10 years." The choice of words is significant: " 'By employing the term "uses" instead of "while armed" the Legislature requires something more than merely being armed.' " (*People v. Bland* (1995) 10 Cal.4th 991, 997 [43 Cal.Rptr.2d 77, 898 P.2d 391].) In light of this well-established distinction, we disagree with the district attorney's contention the term "using a firearm" under subdivision (b)(3)(A) of Penal Code section 1210.1 must be construed as encompassing being "armed" within the meaning of Health and Safety Code section 11370.1, subdivision (a).

possession. ... [¶] ... [¶] ... No other criminal laws are changed."[5] (Ballot Pamp., Gen. Elec. (Nov. 7, 2000) argument in favor of Prop. 36, p. 26; see *People v. Canty, supra,* 32 Cal.4th at p. 1281; *People v. Superior Court (Henkel), supra,* 98 Cal.App.4th at p. 83.) In *People v. Canty, supra,* 32 Cal.4th at page 1282, the Supreme Court explained the significance of these phrases: "In view of the express advice given the voters that Proposition 36 was strictly limited—affecting 'only simple drug possession,' and changing '[n]o other criminal laws' [citation]—we must assume that the voters did not intend to amend other criminal statutes."

Relying upon the ballot pamphlet's expression of the voters' intent, the court in *People v. Canty, supra,* 32 Cal.4th at page 1282, concluded that extending Proposition 36 eligibility to those convicted of driving under the influence of a controlled substance would effectively amend the Vehicle Code's scheme imposing an increasingly harsh punishment for each new violation of driving while under the influence. Under Proposition 36, the court must expunge the defendant's conviction for the nonviolent drug possession offense if the court finds the defendant has completed an appropriate drug treatment program. (*People v. Canty, supra,* at p. 1282.) The defendant's next conviction of misdemeanor driving while under the influence of drugs would be treated as a first offense. (*Ibid.*) "That result would be contrary to the evident intent of the Vehicle Code—which clearly is to *increase*, with each new violation, the punishment for driving while under the influence of drugs" and "would be inconsistent with the design of the relevant Vehicle Code provisions to punish impaired drivers identically, whether they drive while under the influence of alcohol or drugs." (*Id.* at pp. 1282–1283, fn. omitted.)

Similarly here, "[i]n view of the express advice given the voters that Proposition 36 was strictly limited" and would change " '[n]o other criminal laws,' " we must assume the voters did not intend to amend Health and Safety Code section 11370.1. (*People v. Canty, supra,* 32 Cal.4th at p. 1282.) But construing the term "nonviolent drug possession offense" in Proposition 36 to include violations of Health and Safety Code section 11370.1 effectively would do just that.

The deferred entry of judgment statutes, Penal Code section 1000 et seq., "are in some ways analogous to Proposition 36." (*People v. Canty, supra,* 32 Cal.4th at p. 1285.) Under Penal Code section 1000, as under Proposition 36, a defendant charged with specified drug offenses may undergo a drug

---

[5] The district attorney has requested us to take judicial notice of the portion of the Official Voter Information Guide prepared for the November 7, 2000 election pertaining to Proposition 36. We grant the request. (*People v. Canty, supra,* 32 Cal.4th at p. 1281, fn. 4; *In re Varnell* (2003) 30 Cal.4th 1132, 1144, fn. 7 [135 Cal.Rptr.2d 619, 70 P.3d 1037].)

education and treatment program in lieu of undergoing a criminal prosecution; upon satisfactory completion of treatment the defendant may obtain dismissal of the criminal charges. (*People v. Canty, supra,* at p. 1285; see Pen. Code, §§ 1000, subds. (a) & (c), 1000.1, subd. (a).)

Health and Safety Code section 11370.1, subdivision (b) states: "Any person who is convicted under this section shall be ineligible for diversion or deferred entry of judgment under . . . Section 1000 . . . of the Penal Code." The Legislature enacted Health and Safety Code section 11370.1 in response to cases construing the deferral of entry of judgment statutes as permitting diversion to a drug treatment program unless the drug offense played some part in the commission of a violent crime or a firearm was an instrumentality of the offense. (*People v. Edwards, supra,* 235 Cal.App.3d at p. 1708.) "The Legislature could reasonably conclude that the prosecutor should not be required to convince a trial court that the loaded, operable weapon possessed by the user or possessor of a small amount of drugs was an 'instrument' in the commission of the drug offense, or that the drug offense was 'involved with' a crime of violence in order to justify a refusal to divert the offender." (*Id.* at pp. 1708–1709.) The Legislature determined those in possession of a controlled substance while armed with a loaded, operable firearm pose a serious threat to society and to law enforcement and, in subdivision (b) of Health and Safety Code section 11370.1, expressly denied them the benefits of Penal Code section 1000 et seq.

Granting the benefits of Proposition 36 to those convicted of violating Health and Safety Code section 11370.1 would defeat the Legislature's purpose for enacting that statute, would amend Health and Safety Code section 11370.1 by nullifying subdivision (b), and would contradict assurances given the voters that Proposition 36 would be strictly limited and would change no other criminal law. Accordingly, we resolve any ambiguity in Proposition 36 by construing the term "nonviolent drug possession offense" under Penal Code section 1210, subdivision (a) to exclude violations of Health and Safety Code section 11370.1.

### D. *The Rule of Lenity*

Finally, we consider the traditional rule of lenity, under which language in a penal statute is construed in the manner more favorable to the defendant if the language truly is susceptible of more than one reasonable interpretation. (*People v. Canty, supra,* 32 Cal.4th at p. 1277; *People v. Avery* (2002) 27 Cal.4th 49, 57–58 [115 Cal.Rptr.2d 403, 38 P.3d 1].) " 'The rule [of lenity] applies only if the court can do no more than guess what the legislative body intended; there must be an egregious ambiguity and uncertainty to justify invoking the rule.' [Citation.] . . . 'The rule of statutory

interpretation that ambiguous penal statutes are construed in favor of defendants is inapplicable unless two reasonable interpretations of the same provision stand in relative equipoise, i.e., that resolution of the statute's ambiguities in a convincing manner is impracticable.' [¶] Thus, although true ambiguities are resolved in a defendant's favor, an appellate court should not strain to interpret a penal statute in defendant's favor if it can fairly discern a contrary legislative intent." (*People v. Avery, supra,* 27 Cal.4th at p. 58.)

The rule of lenity does not aid Ogea. We need not guess at the voters' intent in enacting Proposition 36. We know the voters' intent and, as explained above, it resolves any ambiguity raised by Ogea's construction of Proposition 36. In light of the statutory language of Proposition 36 and Health and Safety Code section 11370.1, as well as the voters' and the Legislature's intent, Ogea's construction of Proposition 36 is not " 'in relative equipoise' " to ours.

### DISPOSITION

The petition for writ of habeas corpus is denied. This court's previously issued stay order is dissolved.

O'Leary, Acting P. J., and Moore, J., concurred.

On August 26, 2004, the opinion was modified to read as printed above.