Filed 6/28/16  P. v. Johnson CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RYAN JAMES JOHNSON,<br><br>    Defendant and Appellant. | 2d Crim. No. B264679<br>(Super. Ct. Nos. F334169,<br>F352789, F379456, F416886)<br>(San Luis Obispo County) |

The issue here concerns the proper construction of the word "prior" in Penal Code section 1170.18, subdivision (i) (hereafter "subdivision (i)").[1]  Section 1170.18 was enacted in November 2014 by the passage of Proposition 47, also known as the Safe Neighborhoods and Schools Act.  Section 1170.18, subdivisions (f) and (g) permit certain convicted felons who have completed their sentences to apply to have their felony convictions designated as misdemeanors.  Subdivision (i) states that section 1170.18 "shall not apply to persons who have one or more *prior* convictions" for specified serious or violent felonies, including murder.  (Italics added.)[2]  The question is

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] The full text of subdivision (i) is as follows: "The provisions of this section [section 1170.18] shall not apply to persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."

whether "prior" means prior to the felony conviction that the applicant is seeking to have designated as a misdemeanor, or prior to the court's ruling on the application.

We conclude that "prior" means prior to the court's ruling on the application. We affirm the trial court's order denying appellant's application to have his felony convictions designated as misdemeanors because he was convicted of murder prior to the trial court's ruling on the application. It is of no consequence that the murder conviction occurred after the felony convictions that he sought to have designated as misdemeanors.

*Procedural Background*

In January 2015, appellant filed an application requesting that four felony convictions be designated as misdemeanors pursuant to section 1170.18, subdivisions (f) and (g). The felony convictions occurred in 2003 (case no. F334169), 2005 (case nos. F352789 and F379456), and 2008 (case no. F416886). The District Attorney responded that appellant is ineligible for the requested relief because he was convicted of murder in case no. F435613. The murder conviction occurred after the felony convictions that appellant sought to have designated as misdemeanors. In 2013 we affirmed the murder conviction. (*People v. Johnson* (2013) 221 Cal.App.4th 623.) The trial court denied the application.

*Discussion*

Appellant claims that the trial court erroneously denied his application for designation as misdemeanors. He argues that he was eligible for the requested relief because his murder conviction occurred after the subject convictions.

Where, as here, a matter of statutory construction is involved, "our task is to discern the lawmakers' intent. [Citation.] Because section [1170.18] was enacted by the electorate, it is the voters' intent that controls. [Citation.] Nonetheless, our interpretation of a ballot initiative is governed by the same rules that apply in construing a statute enacted by the Legislature. [Citations.] We therefore first look to 'the language of the statute, affording the words their ordinary and usual meaning and viewing them in their statutory context.' [Citations.]" (*People v. Park* (2013) 56 Cal.4th 782, 796.) "'When the

2

language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.]" (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.)

The term "prior" in subdivision (i) is ambiguous. The ambiguity is "cured" by the Legislative Analyst's comments on Proposition 47 in the Official Voter Information Guide for the November 4, 2014 general election. The Legislative Analyst made clear that "prior" means prior to the court's ruling on an application to have a felony conviction designated as a misdemeanor: "This measure [Proposition 47] allows offenders currently serving felony sentences for the above crimes to apply to have their felony sentences reduced to misdemeanor sentences. In addition, certain offenders who have already completed a sentence for a felony that the measure changes could apply to the court to have their felony conviction changed to a misdemeanor. *However, no offender who has committed a specified severe crime* [e.g., murder] *could be resentenced or have their conviction changed.*" (Voter Information Guide, Gen. Elec. (Nov. 4, 2014), Prop. 47, Analysis by Legislative Analyst, p. 36, italics added.) Thus, it makes no difference whether appellant was convicted of murder before or after the felony convictions that he sought to have designated as misdemeanors. Appellant was ineligible for relief because, when the trial court ruled on his application, he had a prior conviction for murder.

"The Legislative Analyst's comments, like other materials presented to the voters, 'may be helpful but are not conclusive in determining the probable meaning of initiative language.' [Citation.] Thus, when other statements in the election materials contradict the Legislative Analyst's comments we do not automatically assume that the latter accurately reflects the voters' understanding. [Citation.]" (*San Francisco Taxpayers Assn. v. Bd. of Supervisors* (1992) 2 Cal.4th 571, 580.) Nothing in the election materials for Proposition 47 contradicts the Legislative Analyst's conclusion that "*no offender who has committed a specified severe crime could be resentenced or have their conviction changed.*" (See *People v. Superior Court (Henkel)* (2002) 98 Cal.App.4th 78,

3

82 [Legislative Analyst's comment "eliminates doubt" as to correct interpretation of ballot proposition].)

Moreover, the rebuttal to the argument against Proposition 47 made clear that a person who has been convicted of murder cannot seek relief under section 1170.18 regardless of when the conviction occurred: "*Proposition 47 does not require automatic release of anyone.* There is no automatic release. It includes strict protections to protect public safety and make sure rapists, murderers, molesters and the most dangerous criminals cannot benefit." (Voter Information Guide, *supra*, Rebuttal to Argument Against Prop. 47, p. 39.)

Finally, section 2 of Proposition 47 provides, "This act ensures that sentences for people convicted of dangerous crimes like rape, murder, and child molestation are not changed." (Voter Information Guide, *supra*, Text of Proposed Law: The Safe Neighborhoods and Schools Act, § 2, p. 70.) Section 3, subdivision (1) of Proposition 47 includes a similar provision: "In enacting this act, it is the purpose and intent of the people of the State of California to: [¶] (1) Ensure that people convicted of murder, rape, and child molestation will not benefit from this act." (*Id.*, § 3, subd. (1), p. 70.) Were we to adopt appellant's interpretation of "prior conviction" in subdivision (i), people like appellant who had been convicted of murder would benefit from Proposition 47. This would be contrary to the intent of the electorate. "'[W]e may not properly interpret the measure in a way that the electorate did not contemplate: the voters should get what they enacted, not more and not less.' [Citation.]" (*People v. Park*, *supra*, 56 Cal.4th at p. 796.)

Our interpretation of "prior conviction" in subdivision (i) is consistent with *People v. Zamarripa* (2016) 247 Cal.App.4th 1179, 1184 ["the 'prior conviction' ineligibility for relief means a disqualifying conviction that occurred any time before the filing of the application for Proposition 47 relief"]. It is also consistent with *People v. Montgomery* (2016) 247 Cal.App.4th 1385, 1392 ["section 1170.18 precludes redesignation for anyone who has a conviction for the enumerated excluded crimes prior to the time of the application for such relief"].

4

*Disposition*

The order denying appellant's application to designate felony convictions as misdemeanors pursuant to section 1170.18 is affirmed.

<u>NOT TO BE PUBLISHED.</u>


                        YEGAN, J.


We concur:



GILBERT, P. J.



PERREN, J.

Michael L. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Laini Millar Melnick, under appointed by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Mary Sanchez, Deputy Attorney General, for Plaintiff and Respondent.